165 N.J. Super. 182 (1979)
397 A.2d 1117
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ISMAEL MELENDEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 2, 1979.
Decided January 18, 1979.
Before Judges CONFORD, PRESSLER and KING.
*183 Mr. Stanley C. Van Ness, Public Defender, attorney for the appellant (Mr. Gerald Boswell, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for the respondent (Ms. Anne C. Paskow, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant pleaded guilty to a charge of possession of heroin and was sentenced to a prison term of not less than three nor more than five years. We agree with his contention on appeal that the conviction must be reversed because of the constitutionally defective and procedurally improper manner in which the plea was entered.
The indictment charging possession of a controlled dangerous substance was returned on January 31, 1978, and defendant appeared, unrepresented, in the Superior Court, Law Division, for arraignment on February 16, 1978. This was apparently his first court appearance in connection with the charge. At the very commencement of the proceeding the judge asked defendant if he had an attorney. Defendant's response was that he neither had one nor could afford one. At that point the judge noted that defendant should complete a Form 5A, i.e., that form prescribed by the Administrative Director of the Courts for the purpose of insuring representation of indigents. The judge then instructed the prosecutor to advise defendant of the substance of the charge. That being done, the judge, without adequate compliance with requirements of R. 3:9-2 and despite the Form 5A instruction, permitted defendant to enter a guilty plea.
There can be no question but that taking a guilty plea from an unrepresented defendant who has not waived his right to representation constitutes a fundamental denial of the constitutional right to counsel. The right to counsel attaches as soon as the criminal proceeding is initiated and inheres in every significant stage thereof. See State v. Farrow, 61 N.J. 434, 449 (1972), cert. den. 410 U.S. 937, 93 S.Ct. *184 1396, 35 L.Ed.2d 602 (1973). There can hardly be a more significant stage of the proceeding than the entry of a guilty plea. We are further satisfied that the transcript of this arraignment proceeding conclusively demonstrates the absence of a waiver here. Indeed, defendant was never even asked if he wanted to consult with an attorney before pleading or expressly informed that he had an unequivocal right to have an attorney assigned to represent him. Moreover, he did, after entry of the plea, execute the Form 5A and was represented by counsel at sentencing.[1] That action in itself is inconsistent with an implied waiver. In these circumstances, the plea must clearly be set aside.
We note that the avoidance of the situation which occurred here was the express intention of R. 3:4-2, which provides in full as follows:
At a defendant's first appearance before the court following the filing of a complaint, the judge thereof shall inform the defendant of the charge made against him and if a copy of the complaint has not previously been furnished to the defendant, shall furnish him with a copy thereof. The judge shall also inform the defendant of his right not to make a statement as to the charge against him and that any statement made by him may be used against him. In counties where a pretrial intervention program is approved by the Supreme Court for operation under R. 3:28, the judge shall also inform the defendant of the existence of such program, the name of the program director and the location at which application may be made for enrollment in such program. The judge shall also inform the defendant of his right to retain counsel or, if indigent and constitutionally or otherwise entitled by law to counsel, of his right to have counsel furnished without cost. If the defendant asserts he is indigent, unless he affirmatively and with understanding of his waiver of his right states his intention to proceed without counsel, the judge shall have him complete the appropriate form as prescribed *185 by the Administrative Director of the Courts, if such form has not yet been completed. If the complaint charges the defendant with an indictable offense, the court shall refer him to the Office of the Public Defender. If the complaint charges the defendant with a non indictable offense and the court is satisfied that he is indigent and that he is constitutionally or otherwise entitled by law to have counsel furnished, the court shall assign counsel to represent him in accordance with R. 3:27-2. The court shall allow the defendant a reasonable time and opportunity to consult counsel before proceeding further. If the complaint charges the defendant with an indictable offense, the court shall inform him of his right to have a hearing as to probable cause and of his right to indictment by the grand jury and trial by jury, and if the offense charged may be tried by the court upon waiver of indictment and trial by jury, the court shall so inform the defendant. All such waivers shall be in writing, signed by the defendant, and shall be filed and entered on the docket. If the complaint charges an indictable offense which cannot be tried by the court on waiver, it shall not ask for or accept a plea to the offense. The court shall admit the defendant to bail as provided in R. 3:26 and R. 7:5. [Emphasis added]
We are aware that R. 3:9-1, governing arraignments, does not expressly incorporate all of the protections and procedures of R. 3:4-2. All that it requires is that the arraignment shall be in open court and that it shall consist of reading the indictment to defendant or explaining the charge to him. Contrary to the specific prohibition of R. 3:4-2, moreover, the arraignment rule does direct the court to call upon the defendant to plead to the indictment or accusation after being given a copy thereof. The reason for the difference in the two rules is evident. R. 3:4-2 deals with the post-complaint but pre-indictment stage of the proceeding. R. 3:9-1 addresses itself to the post-indictment stage and apparently is based on the assumption that defendant has already made an initial court appearance, pursuant to R. 3:4-2, at which time bail was fixed, his constitutional and procedural rights explained to him and the mechanism to insure his legal representation triggered. While that assumption may be basically sound, it is apparently not correct in every case and there are occasions, such as here occurred, when the arraignment also constitutes defendant's first court confrontation *186 in respect of the charge.[2] When that is the case, the arraigning judge should follow the procedures of R. 3:4-2 and should routinely decline to take a plea from an unrepresented defendant. Indeed, we regard that judicial obligation as so clearly mandated that we recommend to the Criminal Practice Committee and the Supreme Court consideration of an amendment of R. 3:9-1 to expressly so require.
We reverse and remand. No admissions made by defendant during the original arraignment shall be admissible in evidence against him in the event he is retried. R. 3:9-2.
NOTES
[1] Insofar as we are able to reconstruct the record, the public defender forthwith undertook representation of defendant on the same day and actually mailed to the court a not guilty plea pursuant to R. 3:9-1(b), apparently unaware of the entry of the guilty plea. Anomalously, at the sentencing proceeding, the Public Defender acknowledged the guilty plea without further explanation and without having moved to vacate it.
[2] Our conclusion that there had been no prior R. 3:4-2 hearing here is reinforced by the fact that at this arraignment bail was fixed for the first time.