201 N.J. Super. 378 (1985)
493 A.2d 70
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VINCENT MARTELLI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1985.
Decided May 21, 1985.
*380 Before Judges PRESSLER, BRODY and RICHARD S. COHEN.
Robert Susser argued the cause for appellant (Karasic & Stone, attorneys; Richard B. Stone of counsel).
Mary Ellen Halloran, Deputy Attorney General argued the cause for respondent (Irwin I. Kimmelman, Attorney General, Ms. Halloran and Linda Wharton, Deputy Attorneys General, of counsel).
The opinion of the court was delivered by RICHARD S. COHEN, J.A.D.
Defendant was indicted by the Monmouth County Grand Jury on two counts charging attempted aggravated sexual assault by attempting vaginal penetration of two girls each less than 13 years old. (N.J.S.A. 2C:14-2a(1) and 2C:5-1). He was also the subject of an Ocean County accusation charging sexual assault by touching the breasts of one of the girls (N.J.S.A. 2C:14-2b) and endangering her welfare by taking nude photographs of her. (N.J.S.A. 2C:24-4b(4)).
Pursuant to a plea agreement, defendant pleaded guilty to both counts of the accusation and one count of the indictment which had been amended to charge sexual assault by intentionally touching the intimate parts of one of the girls for defendant's sexual gratification. N.J.S.A. 2C:14-2b. The State agreed to move for dismissal of the second count of the *381 indictment and to recommend a maximum aggregate sentence of seven years' imprisonment.
The court made certain that defendant and his attorney understood that the seven year sentence ceiling included the possibility of a period of parole ineligibility of up to three and a half years. See State v. Kovack, 91 N.J. 476 (1982). The defendant received a concurrent sentence of seven years on each count to which he had pleaded guilty, with a period of parole ineligibility on each count of three and a half years. He unsuccessfully moved for reconsideration of the sentence, seeking cancellation of the period of parole ineligibility. He then appealed to this court, and we now reverse.
The girls who were the victims of defendant's offenses were sisters. According to a Monmouth County pre-sentence report, they had already been victims of sexual abuse by a number of family members, possibly including their grandfather, uncle and stepfather. Criminal charges had been brought against the stepfather. Apparently, he was convicted and served about one and a half years under the Sex Offender Act. See N.J.S.A. 2A:164-3 et seq. (Repealed). While the stepfather was away, his cousin, defendant in the present case, came to live in the household. Thereafter occurred the incidents of defendant's unlawful sexual behavior which included fondling the girls' intimate parts and photographing one of the girls while she was unclothed. According to defendant, he had sex on one occasion with the girls' mother.
Defendant was 28 years old at the time of the incidents. He had no prior arrests or convictions. At the time of his sentence, he was recently married, with a small child. He had a good history of employment. Evaluation at the Adult Diagnostic and Treatment Center, pursuant to N.J.S.A. 2C:47 revealed no compulsive psychosexual pathology. On that basis, he was found not to qualify for sentencing to the Center or for outpatient psychological treatment. N.J.S.A. 2C:47-3. Psychological evaluation revealed defendant to be a childish person who related to women on an immature level.
*382 The sentencing judge found impressive as aggravating circumstances the vulnerability of the victims, defendant's taking advantage of their prior experiences, the harm inflicted upon them, the need not to depreciate the seriousness of the offenses and the need to deter defendant and others. The aggravating circumstances outweighed the mitigating, according to the judge, who did not mention what mitigating circumstances he considered.
At the hearing of defendant's motion to reduce the sentence, R. 3:21-10, the judge's remarks made it clear that, if the plea agreement had not capped the sentence at seven years, the sentence would have been greater. He imposed a period of parole ineligibility "because of the aggravating circumstances" and without further explanation.
The offenses to which defendant pleaded guilty are all second degree crimes. The sentence for such offenses is imprisonment, unless imprisonment would be a serious injustice which overrides the need to deter such conduct by others. N.J.S.A. 2C:44-1d. State v. Roth, 95 N.J. 334, 358 (1984). The permissible range of terms of imprisonment is between five and ten years. N.J.S.A. 2C:43-6a(2). The presumptive sentence is seven years; that is, the sentence for a second degree crime is seven years unless a preponderance of aggravating or mitigating factors weighs in favor of a higher or lower term. N.J.S.A. 2C:44-1f. State v. Roth, 95 N.J. at 359.
If a court is "clearly convinced that the aggravating factors substantially outweigh the mitigating factors," N.J.S.A. 2C:43-6b, the court may fix a parole ineligibility period not greater than one-half of the term of incarceration to which the defendant is sentenced. Other sections of the Code covering special situations require such a minimum term as a part of the sentence. See, e.g., N.J.S.A. 2C:43-6c (Graves Act), N.J.S.A. 2C:43-7b (extended terms), and N.J.S.A. 2C:14-6 (persistent sex offenders).
Periods of parole ineligibility are the exception and not the rule. They are not to be treated as routine or common-place. *383 The threshold for imposition is higher than for a term of imprisonment longer than the presumptive. To impose a longer term, the court must only be satisfied that the aggravating factors preponderate over the mitigating factors. N.J.S.A. 2C:44-1f. To impose a minimum period of parole ineligibility, except where mandated by statute, the court must be "clearly convinced" that the aggravating factors "substantially outweigh" the mitigating. N.J.S.A. 2C:43-6b.
It might seem contradictory to impose a period of parole ineligibility without imposing a sentence longer than the presumptive. See State v. Yarbrough, 195 N.J. Super. 135, 143 n. 3 (App.Div. 1984), certif. granted 99 N.J. 195 (1985); State v. Guzman, 199 N.J. Super. 346 (Law Div. 1985). The contradiction disappears, however, upon an examination of the statute. A court is not required by N.J.S.A. 2C:44-1f to lengthen a sentence if it finds a preponderance of aggravating factors. It is given discretion to do so. State v. Roth, 95 N.J. 334, 359 (1984). Similarly, if a court is "clearly convinced" the aggravating factors "substantially outweigh" the mitigating, it "may" impose a period of parole ineligibility. N.J.S.A. 2C:43-6b. It is not required to do so.
A sentencing court does not have to take the interim step of sentencing for longer than the presumptive term in order to create a foundation for a period of parole ineligibility. Lengthening a sentence and imposing a period of parole ineligibility are two separately available responses to an excess of aggravating circumstances. Each may be imposed independently of the other in cases where the respective statutory criteria are satisfied. The sentencing court need not employ both responses if it reasonably concludes that a longer sentence without a period of parole ineligibility is sufficient or that the needs are met by a period of parole ineligibility imposed on a presumptive sentence.
A court imposing enhanced punishment must state the reasons for doing so. R. 3:21-4(e) plainly requires the sentencing judge to

*384 state his reasons for imposing such sentence ... and the factual basis supporting his finding of particular aggravating or mitigating factors affecting sentence.
Time and again, the appellate courts of this state have addressed themselves to this requirement and the obvious reasons for it. State v. Roth, 95 N.J. 334, 363 (1984); State v. Whitaker, 79 N.J. 503, 508 (1979); State v. Knight, 72 N.J. 193, 195 (1976); State v. McBride, 66 N.J. 577, 580 (1975); State v. Jones, 66 N.J. 563, 567 (1975); State v. Latimore, 197 N.J. Super. 197 (App.Div. 1984); State v. Gerstofer, 191 N.J. Super. 542 (App.Div. 1983), certif. denied 96 N.J. 310 (1984); State v. Sobel, 183 N.J. Super. 473, 480 (App.Div. 1982); State v. Davis, 175 N.J. Super. 130, 137-140 (App.Div. 1980); State v. Ingenito, 169 N.J. Super. 524, 532 (App.Div. 1979), reversed on other grounds, 87 N.J. 204 (1981); State v. Sanducci, 150 N.J. Super. 400, 403 (App.Div. 1977), certif. denied 75 N.J. 524 (1977). Time and again, we have had to review sentences whose justifying reasons are briefly and unrevealingly stated by the sentencing court.
Sentencing is a solemn judicial responsibility which calls upon the highest order of discretionary judgment. When conscientious trial judges exercise discretion in accordance with the principles set forth in the Code, they need not fear second-guessing on appeal. State v. Roth, 95 N.J. at 365. When sentences are appealed, however, review of sentencing decisions is required. We must determine, first, whether the correct sentencing guidelines have been followed; second, whether there is substantial evidence in the record to support the findings of fact upon which the sentencing court based the application of those guidelines; and third, whether, in applying those guidelines to the relevant facts, the trial court clearly erred by reaching a conclusion that could not have reasonably been made upon a weighing of the relevant factors. State v. Roth, 95 N.J. at 365-366.
In order to make the determinations mandated by the Supreme Court in State v. Roth, we must be afforded the insights *385 that only a clear and complete statement from the trial court can give us. The absence of such a statement conceals both sound and improper reasons and bars informed evaluation on appeal.
In this case, the court discussed aggravating circumstances, but we have no way to tell what mitigating circumstances the court considered. We can not tell if the court considered defendant's previously good record, his employment history, his new wife and infant child and the unlikelihood of repetition. We do not know how the court weighed those circumstances against the aggravating circumstances it found to exist. We do not even know, because the court did not say so, if the court was "clearly convinced that the aggravating factors substantially outweigh the mitigating factors."
Finally, we can not tell if the court made the error of treating as aggravating circumstances the very factors that led the Legislature to make defendant's offenses second degree crimes. See State v. Yarbrough, 195 N.J. Super. 135, 143 (App.Div. 1984), certif. granted 99 N.J. 195 (1985). The Legislature ranked them with other second degree crimes like sexual penetration of an adult with physical force or coercion but without severe injury (N.J.S.A. 2C:14-2c(1)), robbery (N.J.S.A. 2C:15-1), aggravated arson (N.J.S.A. 2C:17-1a), burglary while armed (N.J.S.A. 2C:18-2b(2)) and manslaughter (N.J.S.A. 2C:11-4c).
Young children are vulnerable to improper sexual advances. They can be psychologically damaged by inappropriate sexual contacts and activities. The gravity of the offenses may be depreciated if not reflected in sentences of incarceration, and there is a need to deter offenders and others from future violations of the law. For those reasons, the Legislature made the offenses here involved second degree crimes and prescribed substantial punishments for offenders.
We can not say whether defendant's victims suffered more or less harm than would children with different histories. There was nothing before the sentencing judge on the subject. We are not sure what special need for deterrence or non-depreciation *386 of the offenses differentiates this case from other cases of sexual assault on a young child or of endangering a young child's welfare.
We do know that it was the elements of vulnerability and psychological harm and the need to deter and not to cheapen the offense that led the Legislature to classify these as second degree crimes with presumptive sentences of seven years imprisonment. In order to impose a greater punishment, a sentencing court must find a preponderance of aggravating factors that differentiate the case at hand from other cases of the same crime or this offender from others. It is not enough to point to the common factors that make the prohibited conduct criminal and determine its place in the hierarchy of statutory punishments. State v. Link, 197 N.J. Super. 615, 620 (App.Div. 1984); State v. Yarbrough, supra. It is not, for example, an aggravating factor in a manslaughter case that a life was lost or in a robbery case that a person's property was taken.
We affirm the judgment of conviction but vacate the sentences and remand to the Law Division for reconsideration of the sentences in the light of the principles announced herein.