210 N.J. Super. 383 (1986)
510 A.2d 49
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DENNIS PORTER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 15, 1986.
Decided May 13, 1986.
*386 Before Judges PRESSLER, DREIER and BILDER.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Michael J. Witt, Designated Counsel, of counsel and on the brief).
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent (Jane F. Tong, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
*387 Defendant has appealed from his conviction on three counts of first degree armed robbery, N.J.S.A. 2C:15-1, and two counts of possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4. He was sentenced to a term of 20 years with a 10 year parole ineligibility, consecutive to his present sentence for armed robbery, conspiracy, possession of a weapon for an unlawful purpose and aggravated assault. He was also sentenced to two concurrent 20-year terms for the other two contemporaneous armed robberies and to a concurrent 10-year term for the merged possession counts.
Defendant was alleged to have participated in an armed robbery of Gonzalez' Nightclub in the City of Passaic on November 17, 1980, during which the other perpetrators were armed with a handgun, described by defendant as inoperable, and a tree branch. Since the inculpating statements of the others involved were not admissible in this case, defendant's participation was established primarily on the basis of his confession.
On this appeal defendant has urged eleven bases for reversal:
POINT I.
The court below erred in admitting defendant's confession into evidence since it was the fruit of unethical conduct by the Passaic County Prosecutor's office.
POINT II.
The court below abused its discretion in prohibiting the defense from cross-examining the state's witness, Barry Skwiersky, Esquire, concerning his conduct in taking defendant's confession.
POINT III.
The defendant was deprived of his right to a speedy trial guaranteed by the state and federal constitutions.
POINT IV.
The court below erred in failing to merge the convictions of possession of weapons into the convictions of robbery.
POINT V.
The court below erred in failing to charge the jury that the state had the burden to prove that the gun was operable in order to find the defendant guilty of robbery in the first degree and guilty of possession of a firearm for unlawful purposes.
POINT VI.

*388 The court below abused its discretion in allowing testimony of defendant's prior convictions to impeach his credibility.
POINT VII.
The allowance of testimony of defendant's prior conviction of burglary to impeach his credibility was error under the doctrine of collateral estoppel and/or because of defendant's minority at the time of its commission.
POINT VIII.
The admission of the uncertified transcript prepared from defendant's taped confession was error under Evidence Rule 70.
POINT IX.
The admission of the tree branch was error since the state failed to lay a proper foundation for its introduction.
POINT X.
The twenty-year sentence imposed upon defendant was manifestly excessive and an abuse of discretion.
POINT XI.
The defendant's convictions must be vacated because of the aggregate effect of all the errors below.

I
The central issue in the case is the admissibility of defendant's confession made and recorded while he was jailed in Middlesex County for a separate offense.
Two days after the robbery, defendant and three others were apprehended by the Edison Police as suspects in a then-recent motel robbery. During questioning, defendant mentioned his complicity in the Passaic robbery whereupon an Edison police officer telephoned Passaic Detective Osbuth. Osbuth and another officer first visited defendant in the Middlesex County jail on November 20, 1980, but defendant was unwilling to speak with them. On a subsequent visit defendant again was reticent, but Detective Osbuth left his telephone number in case defendant later decided to respond. In mid-January, defendant telephoned Detective Osbuth and left a message that he wished to speak with him. A few days later, on January 16, 1981, Detective Osbuth, two other police officers and Assistant Passaic County Prosecutor Barry Swiersky interviewed defendant at the Middlesex County jail. Defendant was unrepresented at the interrogation, although Swiersky "felt certain that somebody *389 must have been assigned to him" with respect to the Middlesex County matter. Osbuth and Swiersky both testified that defendant had been advised of his Miranda rights at least twice prior to the interview, and it was apparent that he understood them. He was also read his rights from a form by a police officer before the taping began, and the rights were again meticulously reviewed by Swiersky at the beginning of the taped interview. Defendant specifically and unequivocally waived his right to consult an attorney prior to giving his statement.
Defendant contradicted the State's version of the events in material detail. He denied initiating the conversation with Swiersky and further claimed that his confession was based upon facts gleaned from a rapid examination of codefendants' statements. He also contended that the State had made off-the-record sentencing promises. Swiersky denied any such inducements.
The trial judge denied defendant's motion to suppress and made credibility determinations in favor of the State. He further found that the interview had been initiated by defendant. As to the reliability of the confession, the judge found "incredible Mr. Porter's testimony that after being shown these statements, he was able to piece together this detailed version of what transpired." He ruled the statement admissible.
The admission of a confession may be challenged under either the Fifth or Sixth Amendments to the United States Constitution. Under the Fifth Amendment, the statement must be excluded if it was not made voluntarily. Oregon v. Elstad, 470 U.S. 298, ___, 105 S.Ct. 1285, 1292, 84 L.Ed.2d 222, 231 (1985); State v. Williams, 197 N.J. Super. 127, 130 (App.Div. 1984), certif. den. 99 N.J. 233 (1985). The Sixth Amendment precludes admission of the confession if it was made at a time when defendant had a right to counsel and did not effectively waive that right. Maine v. Moulton, ___ U.S. ___, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). We have no reason *390 to disturb the trial judge's factual findings; they effectively eliminate any Fifth Amendment attack upon the admission of this confession. We must, however, review the Sixth Amendment arguments in view of recent pronouncements of the United States Supreme Court and trends evident in our sister states.
The issue here is whether under the Sixth Amendment the waiver of counsel is effective when a defendant is represented by counsel in other criminal proceedings for which he is then incarcerated, but the right to counsel has not yet attached with respect to the charge which is the subject of the waiver.
The majority view, which accords efficacy to a waiver in such circumstances, builds upon Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and Oregon v. Bradshaw, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983) and presages the more recent United States Supreme Court treatment of this issue in Moran v. Burbine, ___ U.S. ___, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986), discussed infra. This analysis is exemplified by State v. O'Neal, 238 Kan. 183, 708 P.2d 206, 208-209 (1985) (accused may effectively waive right to counsel during any police investigation so long as waiver is knowing and intelligent), as well as Lofton v. State, 471 So.2d 665, 667 (Fla. Dist. Ct. App. 1985) (rejecting the "Rogers or so-called `New York Rule'"). And see People v. Ellis, 132 Ill. App.3d 778, 87 Ill.Dec. 594, 477 N.E.2d 720 (App.Ct. 1985); and State v. Campbell, 367 N.W.2d 454 (Minn. 1985).
An intermediate view, which would disallow a waiver only if resulting from improper police conduct, is expressed in State v. Quinn, 64 Md. App. 668, 498 A.2d 676, (Md. Ct. Spec. App. 1985) (waiver after defendant had invoked right to counsel was improperly induced by police officer who showed defendant a copy of charges containing codefendant's implication of defendant as "the one who pushed the" robbery).
The minority New York rule resolves the question by determining whether defendant had a "so-called indelible right to *391 counsel" at the time of his waiver. People v. Bertolo, 65 N.Y.2d 111, 116, 480 N.E.2d 61, 64, 490 N.Y.S.2d 475, 478 (Ct.App. 1985). The rule was established by People v. Rogers, 48 N.Y.2d 167, 173, 397 N.E.2d 709, 713, 422 N.Y.S.2d 18, 22 (Ct.App. 1979), where the court determined that "even when the interrogation concerns unrelated matters,"
... once a defendant is represented by an attorney, the police may not elicit from him any statements, except those necessary for processing or his physical needs. Nor may they seek a waiver of this right, except in the presence of counsel.
Accord, People v. Bartolomeo, 53 N.Y.2d 225, 423 N.E.2d 371, 440 N.Y.S.2d 894 (Ct.App. 1981). But cf. People v. Colwell, 65 N.Y.2d 883, 482 N.E.2d 1214, 493 N.Y.S.2d 298 (Ct.App. 1985), (unrepresented waiver held effective where defendant was represented on other charge on appeal after conviction); People v. Mehan, 112 App.Div.2d 482, 490 N.Y.S.2d 897, at 899-900 (App.Div. 1985) (indelible right did not attach with regard to New York charges to a defendant arraigned in New Jersey, where New York investigators were incorrectly informed by defendant that he had not been assigned New Jersey counsel).
We have yet to determine in New Jersey if acceptance of an uncounselled waiver by a suspect who is represented in another pending matter violates the substantially similar provisions of the Sixth Amendment of the United States Constitution and N.J.Const. (1947), Art. I, par. 10. The United States Supreme Court has recently reiterated that Fifth and Sixth Amendment rights are not sufficiently similar that a valid Fifth Amendment waiver necessarily constitutes an enforceable waiver of Sixth Amendment rights. Michigan v. Bladel, ___ U.S. ___, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). Most instructive, however, is Moran v. Burbine, supra, where the Court held that the defendant's waiver and confession, made while an attorney retained by defendant's family sought to provide representation but was misled by police, violated neither the Fifth nor Sixth Amendment rights of defendant. There the Court held that the police misconduct toward the attorney made *392 defendant's statements no less voluntary and that the right to counsel did not attach where the questioning was before the initiation of "adversary judicial proceedings," citing Maine v. Moulton, supra, decided but three months earlier. Cf. State v. Farrow, 61 N.J. 434, 449 (1972), cert. den. 410 U.S. 937, 93 S.Ct. 1396, 35 L.Ed.2d 602 (1973).
A resolution of this issue under Moran would thus require a two-pronged analysis, first a determination of whether defendant was represented by counsel at the time of the interrogation and, second, a determination whether adversary judicial proceedings had been initiated. Both questions often are directly linked to the "first appearance" (formerly called a "preliminary hearing"), R. 3:4-2. Cf. State v. Melendez, 165 N.J. Super. 182, 183-186 (App.Div. 1979). R. 3:4-2 provides that at the first appearance before the court for an indictable offense an indigent defendant is referred to the Office of the Public Defender. It is clear from a reading of R. 3:27-1 that the representation, ordinarily initiated prior to a defendant's plea, continues in the matter through and including any direct appeal as well as an initial post-conviction proceeding, appeal therefrom, and such other proceedings as would warrant the assignment of counsel pursuant to court rules. See also N.J.S.A. 2A:158A-5[1].
Although defendant was in custody (a relevant consideration for a Fifth Amendment analysis), the interrogation during which defendant confessed was prior to the filing of any complaint concerning the Passaic matter, and thus necessarily prior to his first appearance before the court. Neither the court rules nor statute require assignment of counsel at this early investigatory stage. Indeed, it would be intolerable if the *393 police were subject to more than the Miranda obligations imposed by the Fifth Amendment at this investigatory stage. The restrictions on interrogation should be no different merely because defendant was represented in another matter. See Lofton v. State, supra, 471 So.2d at 667 (defendant's incriminating statement regarding sexual battery investigation held admissible although made after unrepresented waiver where he had been previously assigned public defender for unrelated burglary charge).
We determine that New Jersey will not follow the New York Sixth Amendment waiver rule in the situation before us. For present purposes we apply Moran v. Burbine, supra, and determine that defendant was unrepresented when he waived his right to counsel, since his right to assigned counsel on the Passaic charge had not yet ripened at the time of his confession and the scope of representation by counsel assigned in the Middlesex County matter did not encompass the unrelated Passaic charge. Cf. State v. Farrow, supra, 61 N.J. at 449; State v. Melendez, supra, 165 N.J. Super. at 183. Since on a sufficient record the trial judge also determined that defendant was not improperly induced to waive his right to counsel, we find no basis for determining that there was any improper conduct or any violation of defendant's Sixth Amendment rights in the taking or admission of his confession.
Defendant also argues that ethical violations by the prosecutor require exclusion of defendant's statement.[2] The first alleged violation is of the standard, now embodied in RPC 3.8(c), prohibiting a prosecutor from seeking "to obtain from an unrepresented accused a waiver of important post-indictment pretrial rights." In this case the waiver was pre-indictment and *394 was determined factually to have been voluntarily made by the accused.
In addition, defendant has claimed that there was a violation of the ethics rule, now embodied in RPC 4.2, forbidding communication with a party known by a lawyer to be represented by another attorney "in the matter," unless the lawyer either has the consent of the other attorney "or is authorized by law to do so." Although it was apparent that defendant was represented by an attorney in the Middlesex County case, such representation was not "in the matter" of the Passaic charges. Also, a prosecutor has the general duty to aid in the investigation of a crime. N.J.S.A. 2A:158-5. He is only precluded, as noted in our discussion of RPC 3.8(c), from obtaining waivers of post-indictment pretrial rights from an unrepresented accused. The prosecutor thus was "authorized by law" to engage in the questioning that occurred in this case.
We, therefore, also find no ethical impropriety on the part of the assistant prosecutor. We also note in passing that violation of the Rules of Professional Conduct do not necessarily constitute a basis for asserting State action sufficient to justify a claim of deprivation of a constitutional right. The exclusionary rule is intended to vindicate a constitutional right. If the confession otherwise meets constitutional muster, an ethical violation alone does not rise to a deprivation of a constitutional right.

II
Defendant next claims that he was precluded from fully cross-examining Swiersky concerning his knowledge of whether defendant had counsel at the time the confession was given. The court stated that such line of questioning would open the door to a showing that defendant was in jail for committing crimes in Middlesex County. We note that a reasonable alternative would have been for the court to have limited the questioning to whether defendant was represented in "another *395 matter." Although this latter procedure was preferable, we have determined under Point I that defendant's representation by an attorney on the unrelated Middlesex County charge had little if any relevance to this proceeding. Any error, therefore, was harmless. R. 2:10-2.

III
Defendant's claim of a violation of his right to a speedy trial is specious. The four part test of Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101, 117 (1972), has little application in this case, notwithstanding the considerable delay in the trial of the matter. See State v. Szima, 70 N.J. 196, 201, cert. den. 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976). As recently noted in United State v. Loudhawk, 474 U.S. ___, ___, 106 S.Ct. 648, 654, 88 L.Ed.2d 640, 652 (1986), "the Speedy Trial Clause's core concern is impairment of liberty; it does not shield a suspect or a defendant from every expense or inconvenience associated with criminal defense." Defendant's liberty was already impaired because of the separate offense for which he was incarcerated. There was no separate arrest for the Passaic charge. If we measure the delay from the time of defendant's confession, January 16, 1981, we note a significant delay of two years and two weeks to the commencement of the trial on February 3, 1983. Yet defendant did not assert his right to trial until June 24, 1982, an assertion only reiterated by counsel October 22, 1982 by a notice of motion. The trial commenced just over three months later. We find no substantial prejudice. State v. Pace, 171 N.J. Super. 240, 253 (App.Div. 1979), certif. den. 84 N.J. 384 (1980).

IV
We agree that defendant's convictions for possession of the weapons, a handgun and stick, with the purpose to use them unlawfully against the victims of the robbery should have *396 been merged, not only with each other, but with the robbery convictions. Under the facts of this case they were necessary to the multiple convictions for armed robbery. The separate sentence for the merged weapons conviction must be vacated, together with the Violent Crime Compensation Board penalty assessed for these charges. N.J.S.A. 2C:1-8a(1); State v. Hardison, 204 N.J. Super. 1, 11-12 (App.Div. 1983), certif. den. 99 N.J. 154-55 (1984), aff'd on other issues, 99 N.J. 379, 382 (1985).

V
Defendant's remaining substantive points are clearly without merit and need not be separately discussed. R. 2:11-3(e)(2).
As to Point X, we note that the trial judge failed to state specifically that he was "clearly convinced that the aggravating factors substantially outweigh the mitigating factors," N.J.S.A. 2C:43-6b, when he set a 10-year term of parole ineligibility. See State v. Martelli, 201 N.J. Super. 378, 385 (App.Div. 1985). The judge stated, however, that there were no mitigating circumstances, but that there were several aggravating circumstances, i.e.:
the nature and circumstances of the offense, robbery while armed [not the mere fact of the offense, which would have been barred as an aggravating factor, State v. Yarbough, 100 N.J. 627, 633-644 (1985)] the seriousness of the psychological and emotional harm of all the victims. The risk that the defendant could commit another offense. The extent of his prior criminal record. And the need to deter the defendant and others.
He found that the preponderance of factors required a maximum term. A fair reading of the three pages of remarks by the trial judge on sentencing also shows substantial compliance with the provisions of N.J.S.A. 2C:43-6b. While we are in full accord with the statement in State v. Martelli, supra, at 382-83, that separate considerations govern the imposition of a maximum sentence and a period of parole ineligibility, we do not read Martelli as requiring the recitation of the statutory formula, if the finding is implicit. Here there was a detailed analysis of the crime, the defendant and the reasons for sentencing. *397 We, therefore, find a sufficient showing that the sentencing judge was "clearly convinced that the aggravating factors substantially outweigh the mitigating factors."
The convictions for the weapons offenses shall be merged into the armed robbery convictions, and the separate concurrent 10-year sentence for the weapons offenses as well as the $25 Violent Crime Compensation Board penalty imposed therefor shall be vacated. Except as so modified, the judgments of convictions are affirmed.
NOTES
[1] Of course, if private counsel is engaged and generally represents a defendant, the terms of the specific arrangement would supersede the statutory obligations of assigned counsel. Accordingly we limit our holding to cases in which a defendant is not represented by retained counsel on any pending charge at the time of the waiver. We expressly do not address the efficacy of the waiver where there is retained counsel.
[2] This issue was also implicated in State v. Darby, 103 N.J. 493 (1986), where the Supreme Court in summary order, granted certification and remanded to this court the issue of a "defendant's Sixth Amendment claim that his right to counsel was violated by the post-conviction interrogation ... by representation of the prosecutor," citing the comment to RPC 3.8 and United States v. Callabrass, 458 F. Supp. 964 (S.D.N.Y. 1978).