196 N.J. Super. 1 (1984)
481 A.2d 545
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JERRY JEFFERSON MORGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1984.
Decided February 7, 1984.
Remanded June 19, 1984.
Decided July 20, 1984.
*3 Before Judges J.H. COLEMAN and BACHMAN, J.S.C. (temporarily assigned).
Thomas Warshaw argued the cause for appellant (Drazin and Warshaw, attorneys; John R. Connelly, on the brief).
Thomas J. Santangelo, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Thomas J. Santangelo, of counsel, and on the letter brief).
The opinion of the court was delivered by COLEMAN, J.H., J.A.D.
Our decision dated February 7, 1984 was summarily reversed by the Supreme Court and the case remanded to us "for reconsideration in light of State v. Roth, 95 N.J. 334 (1984) and State v. Hodge, 95 N.J. 369 (1984)."
Defendant pled guilty to a second degree robbery which occurred on January 30, 1980. He was sentenced to a custodial term of seven years. Defendant appealed contending that although the sentence was in accordance with the plea agreement, it was nonetheless excessive. We agreed and ordered *4 that defendant be resentenced "to a custodial term not exceeding the presumptive sentence for a crime of the third degree."
The trial judge concluded that N.J.S.A. 2C:44-1d. created a presumption of incarceration for this second degree robbery which was not rebutted. This was error. State v. Hodge, 95 N.J. at 374, teaches that there is no presumption of incarceration for second degree crimes committed before the 1981 amendment to N.J.S.A. 2C:44-1d. (See L. 1981, c. 290, § 40). Where there is no presumption of incarceration, the court must first consider the aggravating and mitigating factors to decide whether to incarcerate. After making the in-out decision, the judge must then decide what sentence to impose, which requires the judge to determine whether "the preponderance of aggravating factors or preponderance of the mitigating factors, as set forth in subsections a. and b. [2C:44-1a. and b.] weighs in favor of higher or lower terms...." N.J.S.A. 2C:44-1f. In other words, when determining the range of sentence or whether to sentence to one degree lower, the aggravating and mitigating factors must be considered. "But the sentence imposed must reflect the Legislature's intention to focus on the degree of the crime itself as opposed to other factors personal to the defendant." State v. Hodge, 95 N.J. at 377. In this case, because the trial judge erroneously concluded that there was a presumption of incarceration, the option of nonincarceration was eliminated.
The trial judge also concluded that the aggravating factors outweighed the mitigating factors. However, based on our careful study of the appellate record, we do not find "substantial evidence in the record to support the findings" that the aggravating factors outweigh the mitigating. State v. Roth, 95 N.J. at 366. On the contrary, we are able to find only two aggravating factors: the planned robbery which involved the threatened use of explosives and the need for general deterrence. N.J.S.A. 2C:44-1a.(1) and (9). On the other hand, there were seven mitigating factors: no harm was contemplated, *5 defendant's mental condition may tend to excuse what he did, defendant has no prior adult or juvenile record, his conduct was the result of circumstances not likely to reoccur, the character and attitude of defendant indicate that he is unlikely to commit another offense, defendant is likely to respond affirmatively to mental health counselling which can be provided during a probationary sentence, and defendant willingly cooperated with law enforcement authorities. N.J.S.A. 2C:44-1b.(2), (4), (7), (8), (9), (10), and (12).
Even though the mitigating factors outweigh the aggravating, more than a quantitative analysis of the aggravating and mitigating factors is required. "The factors are not inter-changeable on a one-to-one basis. The proper weight to be given to each is a function of its gravity in relation to the severity of the offense." State v. Roth, 95 N.J. at 368. The sentence for "a crime must reflect primarily the severity of that crime." State v. Hodge, 95 N.J. at 377. A three-pronged test has been established for appellate review of sentences under the Code. An appellate court can "(a) review sentences to determine if the Legislative policies, here the sentencing guidelines, were violated; (b) review the aggravating and mitigating factors found below to determine whether those factors were based upon competent credible evidence in the record; and (c) determine whether, even though the court sentenced in accordance with the guidelines, nevertheless the application of the guidelines to the facts of this case make the sentence clearly unreasonable so as to shock the judicial conscience." State v. Roth, 95 N.J. at 364-365.
As robberies go, this was not a severe one. Defendant handed a note to a drive-in teller at a branch of the First National Bank of Toms River demanding $10,000. The note stated that a bomb had been planted in the bank. Money was handed over to defendant. No bomb was planted in the bank and defendant was not in possession of any explosives. We are persuaded that the mitigating factors outweigh the severity of *6 the offense. Consequently, the trial judge's erroneous assumption that there was a presumption of incarceration and his conclusion that the aggravating factors outweighed the mitigating, violated two prongs of the three-pronged test set forth in State v. Roth, supra. Those violations effectively precluded consideration of a sentence less than the presumptive term of seven years for a second degree offense.
The sentence is vacated. The matter is remanded to the Law Division for resentencing. We do not retain jurisdiction.