STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
MICHAEL WITTE, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 6, 1989—Decided April 5, 1989.

Before Judges J.H. COLEMAN and BAIME.

*Donald W. Peppler,* Assistant Prosecutor, argued the cause for appellant (*John Kaye,* Prosecutor of Monmouth County, attorney; *Mark P. Stalford,* Assistant Prosecutor, of counsel and on the brief).

*Maureen Mantineo,* argued the cause for respondent (*Abrams & Wofsy,* attorneys; *Marueen Mantineo* of counsel and on the brief).

PER CURIAM.

Defendant pleaded guilty to second degree aggravated assault (Count One), contrary to *N.J.S.A.* 2C:12–1b(1); fourth degree resisting arrest (Count Five), contrary to *N.J.S.A.* 2C:29–2a; two counts of third degree burglary (Counts Seven and Nine), contrary to *N.J.S.A.* 2C:18–2 and third degree possession of heroin (Count Twelve), contrary to *N.J.S.A.* 2C:35–10a(1). On April 22, 1988, defendant was sentenced to concurrent five year probationary terms on all offenses. As a condition of probation, defendant was placed into an in-patient drug rehabilitation facility for two years. He was also fined $1,000 on Count One and $500 on Counts Seven and Nine. Defendant was ordered to pay $1,000 to the Drug Enforcement and Demand Reduction Fund pursuant to *N.J.S.A.* 2C:35–15 and his driver's license was suspended for six months pursuant to *N.J.S.A.* 2C:35–16. Finally, defendant was ordered to pay VCCB penalties of $150. The State has appealed, pursuant to *N.J.S.A.* 2C:44–1f(2) from the probationary sentence imposed on Count One which involved a second degree offense. The State has also appealed the disposition of Counts Five, Seven and Nine pursuant to *N.J.S.A.* 2C:35–14.

The facts essential to our decision are not in dispute. Defendant burglarized two automobiles on September 9, 1987 to steal two radar detectors. Police Officer Timothy Kirkland of the Manalapan Police Department was alerted that the burglaries had occurred and to be on the look out for a suspect later identified as defendant. The officer observed a vehicle matching the one belonging to the suspect. The officer stopped the auto which defendant was operating. Officer Kirkland approached defendant's vehicle and asked him to shut off the ignition, step from the car and present his driving credentials. Defendant exited the car without turning off the ignition. Upon realizing that he was going to be arrested, defendant panicked. As Officer Kirkland attempted to reach in and shut off the ignition, defendant jumped into the car and drove off with the officer hanging out of the car. Defendant admitted

this episode could have caused serious bodily injuries to the officer. A search of defendant's automobile revealed the presence of heroin.

Prior to sentencing, defense counsel served notice on the sentencing judge and the assistant prosecutor handling the case that defendant would seek to be sentenced pursuant to the provisions of *N.J.S.A.* 2C:35–14. The judge concluded that that statute was applicable to all the counts. In this appeal, the State argues that the judge ignored the presumption of incarceration for the second degree aggravated assault and that *N.J.S.A.* 2C:35–14 applies *only* to drug offenses. We agree and reverse.

■ Before imposing sentence, the judge stated "[T]his court has the authority under statute *N.J.S.A.* 2C:35–14 to place you in a program for every offense less than a first-degree offense." The statute, in pertinent part, provides:

> a. Notwithstanding the presumption of incarceration pursuant to the provisions of subsection d. of N.J.S. 2C:44–1, and except as provided in subsection b. of this section, whenever a drug dependent person is convicted of an offense under N.J.S. 2C:35–5, N.J.S. 2C:35–6, section 1 of P.L.1987, c. 101 (C. 2C:35–7), N.J.S. 2C:35–10, N.J.S. 2C:35–11, or N.J.S. 2C:35–13, other than a crime of the first degree, the court, upon notice to the prosecutor, may, on motion of the defendant and where the court finds that no danger to the community will result and that the placement will serve to benefit the defendant by serving to correct his or her dependency on controlled substances, place the defendant on probation, which shall be for a term of five years. As a condition of that probation, the court shall order the defendant to enter a drug rehabilitation program, subject to such other reasonable terms and conditions as may be required by the court and by law, pursuant to N.J.S. 2C:45–1, and which shall include periodic urine testing for drug usage throughout the period of probation.

It is a settled rule of statutory construction that if the language chosen by the Legislature is plain and the result is not contrary to obvious legislative intent, "the sole function of the court is to enforce it according to its terms." *Sheeran v. Nationwide Mutual Ins. Co., Inc.*, 80 *N.J.* 548, 556 (1979), *quoting Caminetti v. United States*, 242 *U.S.* 470, 485, 37

*S.Ct.* 192, 194, 61 *L.Ed.* 442, 452 (1917). As Judge Conford observed in *State v. Duswalt*, 153 *N.J.Super.* 399, 406 (App. Div.1977) "[w]hen the legislative intent is as clearly manifested as it is here, the court is not at liberty to rule otherwise out of considerations of sympathy for the defendant or preference for the new as opposed to the former statutory penal policies in this area." *See also State v. Butler*, 89 *N.J.* 220, 226 (1982). Based on the express and unequivocal language in the statute, it only applies to drug dependent persons convicted of another drug offense which is second degree or less. The second degree aggravated assault is not one of the offenses which permits disposition under *N.J.S.A.* 2C:35–14a. Similarly, the fourth degree resisting arrest and the third degree burglaries under Counts Five, Seven and Nine are not drug offenses.

Even though the second degree aggravated assault which occurred on September 9, 1987, carries a presumption of incarceration under *N.J.S.A.* 2C:44–1d, it was possible for the court to consider probation if the presumption of incarceration can be rebutted. The sentencing transcript reveals that the sentencing judge did not purport to impose probation and drug rehabilitation after satisfying the requirements of *N.J.S.A.* 2C:44–1d. *See State v. Roth*, 95 *N.J.* 334 (1984), *State v. Hodge*, 95 *N.J.* 369 (1984). Nor does the sentencing transcript reveal that the judge made a quantitative and qualitative analysis of the aggravating and mitigating factors required by *N.J.S.A.* 2C:44–1a and b. *See State v. Morgan*, 196 *N.J.Super.* 1, 5 (App.Div.), certif. den. 99 *N.J.* 175 (1984).

We therefore vacate the sentences imposed on Counts One, Five, Seven and Nine. The matter is remanded for resentencing. If at the time of resentencing, the court concludes the presumption of incarceration has not been rebutted, defendant may at that time move for resentencing on Count Twelve. We do not retain jurisdiction.