STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
RICHARD RAYMOND KRUSE,
DEFENDANT-APPELLANT.

Argued October 6, 1986—Decided March 11, 1987.

*Philip De Vencentes* argued the cause for appellant (*Galantucci & Patuto,* attorneys).

*Allan J. Nodes,* Deputy Attorney General, argued the cause for respondent (*W. Cary Edwards,* Attorney General of New Jersey, attorney; *Abbie P. Maliniak,* Deputy Attorney General, of counsel and on the brief).

The opinion of the Court was delivered by

POLLOCK, Justice.

This appeal questions the interrelationship between the presumptive sentencing and parole ineligibility provisions of the Criminal Code. Specifically, the issue is whether the Law Division erred in imposing a period of parole ineligibility under *N.J.S.A.* 2C:43–6b, without increasing the presumptive sentence beyond that provided by *N.J.S.A.* 2C:44–1f. The Appellate Division affirmed in an order entered as part of the "excessive sentence oral argument" program. We granted certification, 103 *N.J.* 485 (1986), and now reverse and remand the matter to the Law Division.

–I–

On May 21, 1980, the mother of defendant, Richard Kruse, was taken to the hospital where she eventually died from cancer. Shortly before her death, Mrs. Kruse requested defendant, who had a close relationship with her, to bring her wedding ring to the hospital. Defendant was unable to comply with that request because the family home was burglarized on

May 21, and the wedding ring was stolen. Defendant came into possession of facts indicating that the victim, Richard Kramer, was the thief, but shortly thereafter Kramer left the state and defendant did not see him again until August 1983. On August 19, defendant saw Kramer, went home, picked up a baseball bat, and located Kramer on a street in Riverdale. Although there is some uncertainty about the ensuing facts, defendant struck Kramer on the head with the bat, killing him. Defendant fled to Canada, but later returned voluntarily and surrendered to the police.

Thereafter, defendant was indicted for murder, *N.J.S.A.* 2C:11–3a(2), and possession of a weapon for an unlawful purpose, *N.J.S.A.* 2C:39–4d. Pursuant to a plea agreement entered at trial, defendant retracted his plea of not guilty and pled guilty to first-degree aggravated manslaughter. As part of the agreement, the State agreed to dismiss the charge of unlawful possession of a weapon and to recommend that any sentence be served at Yardville. No agreement was made regarding the sentence.

At sentencing, the prosecutor asked the court to sentence the defendant to a term of twenty years with ten years of parole ineligibility. The trial judge began by stating that a custodial sentence was appropriate and that the presumptive sentence was fifteen years unless the preponderance of aggravating factors outweighed the mitigating factors. With respect to the aggravating factors, the court characterized the "nature and circumstances of the offense" as "unusual" and "heinous." The court noted that the act "was done also against a person who was unarmed and a victim who was absolutely in an indefensible position; inebriated to a certain point * * *." Concerning the mitigating factors, the court observed that this was the defendant's first offense and "that there is no evidence to show that he would ever do anything like this again. I think truly it was unusual circumstances." The court continued: "Nevertheless, the way it was done and the way the act came about itself leaves some doubt as to whether or not any future,

[sic] any future actions on [sic] the defendant would be caused by an emotional rush of anger. Those are certainly strong aggravating circumstances." The judge concluded his remarks by stating that the defendant "on the mitigating side * * * has no prior record and he's young. Those mitigating factors, however, are not even close to the aggravating factors that existed in this case." Without setting forth any reasons, the court sentenced defendant to the presumptive term of fifteen years, with a seven-year period of parole ineligibility. Although the State conceded at the excessive sentence oral argument that it would not object to a remand for clarification, the Appellate Division entered an order affirming the sentence.

## –II–

■ Our analysis begins with *State v. Roth*, 95 *N.J.* 334 (1984), in which we outlined three steps in sentencing a criminal defendant. First, the trial court must determine whether incarceration is appropriate, keeping in mind the presumption of imprisonment created by *N.J.S.A.* 2C:44–1(d). *State v. Roth, supra*, 95 *N.J.* at 358. Second, the court must decide on the appropriate sentence. *Id.* at 359. Finally, the court must decide whether a period of parole ineligibility is required. *Id.*

■ With respect to the relationship between the presumptive sentence and parole ineligibility, *N.J.S.A.* 2C:44–1f provides:

> Presumptive Sentences. (1) When a court determines that a sentence of imprisonment be imposed, it shall, except for murder or kidnapping, sentence the defendant to a term of 15 years for a crime of the first degree, to a term of 7 years for a crime of the second degree, to a term of 4 years for a crime of the third degree and for a term of 9 months for a crime of the fourth degree unless the preponderance of aggravating factors or preponderance of mitigating factors, as set forth in subsections a. and b., weighs in favor of higher or lower terms within the limits provided in 2C:43–6.

Thus, when the court finds the aggravating and mitigating factors are in equipoise, it "shall" impose the presumptive sentence. When, however, either the mitigating or the aggravating factors preponderate, it "may" adjust the sentence within the guidelines set by *N.J.S.A.* 2C:43–6.

After determining the sentence, the court must decide, in accordance with *N.J.S.A.* 2C:43–6b, whether to impose a period of parole ineligibility. The statute provides:

> As part of a sentence for any crime, where the court is clearly convinced that the aggravating factors substantially outweigh the mitigating factors, as set forth in subsections a. and b. of 2C:44–1, the court may fix a minimum term not to exceed one-half of the term set pursuant to subsection a., or one-half of the term set pursuant to a maximum period of incarceration for a crime set forth in any statute other than this code, during which the defendant shall not be eligible for parole * * *. [*N.J.S.A.* 2C:43–6b.]

In making this decision, the court balances the same aggravating and mitigating factors used to determine the appropriate sentence. The standard for balancing the factors, however, is different. In determining the appropriate sentence, the court must decide whether there is a preponderance of aggravating or mitigating factors. When determining parole ineligibility, by contrast, the court must be "clearly convinced that the aggravating factors substantially outweigh the mitigating" factors. The different standard reflects the fact that "[p]eriods of parole ineligibility are the exception and not the rule. They are not to be treated as routine or commonplace." *State v. Martelli,* 201 *N.J. Super.* 378, 382–83 (App.Div.1985); *see also State v. Yarbough,* 195 *N.J. Super.* 135, 142–43 n. 3 (App.Div.1984) ("Since the judge did not make any findings in support of those terms, we may infer that he regarded that parole ineligibility terms can be attached to presumptive terms as a matter of course. Such a view is clearly erroneous."), *modified on other grounds and remanded,* 100 *N.J.* 627 (1985).

After determining the sentence and deciding on the appropriateness of parole ineligibility, the court "shall state on the record the reasons for imposing the sentence, including * * * consideration of the defendant's eligibility for release under the law governing parole and the factual basis supporting its findings of particular aggravating or mitigating factors affecting sentence." *N.J.S.A.* 2C:43–2e; *see also R.* 3:21–4(e) ("At the time sentence is imposed the judge shall state * * * the factual basis supporting his finding of particular aggravating

or mitigating factors affecting sentence."). In addition, the court must describe the balancing process leading to the sentence. *State v. Martelli, supra,* 201 *N.J.Super.* at 385 (court must indicate factors it considered and how it weighed those factors); *State v. Guzman,* 199 *N.J.Super.* 346, 351 (Law Div.1985). Without such a statement, appellate review becomes difficult, if not futile. To provide an intelligible record for review, the trial court should identify the aggravating and mitigating factors, describe the balance of those factors, and explain how it determined defendant's sentence.

In the statutes pertaining to both parole ineligibility and presumptive sentences, the Legislature has recognized the continuing role of judicial discretion. Thus, sentencing remains a discretionary decision. The court "may" adjust the sentence beyond the presumptive term and it "may" impose a period of parole ineligibility. *See State v. Yarbough, supra,* 100 *N.J.* at 633–34. *State v. Roth, supra,* 95 *N.J.* at 359. The statutory criteria that the court "shall" examine and weigh under both sections, however, temper that discretion to make sentencing more uniform. Senate Judiciary Committee Statement Accompanying A–1904 (1980). Uniformity in sentencing is furthered also by the requirement that the court clearly identify the relevant sentencing factors and describe how it balanced them. The legislative goal is to channel judicial discretion so that similar defendants will receive similar sentences.

Defendant argues that the sentencing court abused its discretion by imposing a period of parole ineligibility without first increasing the presumptive sentence. The argument is that notwithstanding the permissive language in the statute, such a sentence constitutes an abuse of judicial discretion and contravenes the legislative desire for uniformity. Because the same factors enter both analyses, so the defendant contends, the trial court erred in reaching different results under each of the sentencing provisions.

The same argument was rejected in *State v. Martelli, supra,* 201 *N.J.Super.* 378. There, the parties entered into a plea

agreement, in which the defendant pled guilty to the second-degree crime of sexual assault, *N.J.S.A.* 2C:14–2b, and the State promised to recommend that the defendant would receive the presumptive sentence of seven years. *Id.* at 381. The court explained to the defendant that he could also receive up to three and one-half years of parole ineligibility. *Id.* Defendant was then sentenced to the presumptive term together with a three and one-half year period of parole ineligibility. Unfortunately, the trial court identified only the aggravating, and not the mitigating, factors before reciting that because the aggravating outweighed the mitigating factors, it was imposing a period of parole ineligibility. Although the Appellate Division affirmed the conviction, it remanded the matter to the Law Division for resentencing. In its opinion, the Appellate Division observed that, notwithstanding the apparent contradiction, *N.J.S.A.* 2C:44–1f vests the trial court with discretion to impose a period of parole ineligibility without increasing the presumptive sentence. *Id.* at 383.

Similarly, in *State v. Guzman, supra,* 199 *N.J.Super.* 346, the defendant pled to fourth-degree theft, which carries a presumptive sentence of nine months. The Law Division sentenced the defendant to 364 days, which was greater than the presumptive term, but less than the maximum sentence of eighteen months. *N.J.S.A.* 2C:43–6a(4). Finding no inconsistency in imposing parole ineligibility without first substantially increasing the presumptive sentence, the court imposed a period of ineligibility equal to one-half the term. The court stated that

> [t]here may be instances where an ineligibility term may be imposed even if the presumptive term is not increased, or substantially increased, if there are specific reasons explored on the record in connection with a negotiated plea, or otherwise, provided that the court is clearly convinced that the aggravating factors substantially outweigh the mitigating. [*Id.* at 353.]

█ Thus, in certain limited situations, a court may impose a period of parole ineligibility in conjunction with a presumptive sentence. For example, when the parties have entered a plea agreement limiting the maximum sentence to the presumptive term, the court may sentence the defendant to such a term

subject to a period of parole ineligibility. Even in the absence of such an agreement, a trial court occasionally may find it appropriate to sentence a defendant to a presumptive term while foreclosing for a limited time defendant's eligibility for parole. As previously explained, the determination of the term of a sentence and the appropriateness of a period of parole ineligibility involve consideration of the same aggravating and mitigating factors. Hence, we expect it will be a rare case in which the sentencing court imposes a period of parole ineligibility on top of a presumptive sentence. In such a case, as in all cases where it finds parole ineligibility appropriate, the court should state the reasons for the sentence, indicating why it is clearly convinced that the aggravating substantially outweigh the mitigating factors. Without such a finding, a court's calculation of parole eligibility should follow the statutory scheme. Mere dissatisfaction with that scheme does not justify the imposition by the court of a different parole eligibility date.

■ Increasing the presumptive term is not a prerequisite for the imposition of parole ineligibility, and a sentencing court should not increase the presumptive term merely to justify a period of parole ineligibility. The length of the sentence and the period of parole ineligibility are separate facets of the sentencing decision, and each independently reflects the exercise of judicial discretion. Although the trial court may impose a period of parole ineligibility while also imposing the presumptive sentence, the need for uniformity in sentencing and the heightened standard applicable to the imposition of parole ineligibility suggest that such ineligibility will be imposed but rarely when the court has imposed the presumptive sentence.

–III–

■■ Here, the trial court started down the right road by determining that imprisonment was required and by considering the aggravating factors (the nature of the crime, the defenseless state of the victim, and the use of a weapon against

an unarmed person) and the mitigating factors (defendant's youth and lack of prior record, as well as the unusual circumstances of the crime). Unfortunately, the court did not explain how it arrived at the conclusion that the mitigating factors "are not even close to the aggravating factors that exist in this case." Merely enumerating those factors does not provide any insight into the sentencing decision, which follows not from a quantitative, but from a qualitative, analysis. *State v. Morgan,* 196 *N.J.Super.* 1, 5 (App.Div.), certif. denied, 99 *N.J.* 175 (1984). We are deprived of the benefit of the court's reasoning, a condition precedent to the imposition of a period of parole ineligibility. The need for an explanation is critical when, as here, the court deviates from the norm and imposes a period of ineligibility without increasing the presumptive term. Because of the absence of such an explanation in the present case, we are obliged to remand the matter to the Law Division to reconsider the sentence in light of this opinion.

So ordered.

*For reversal and remandment*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN—7.

*Opposed*—none.