226 N.J. Super. 271 (1988)
543 A.2d 1057
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LENA WILSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1988.
Decided July 8, 1988.
*272 Before Judges KING, GAULKIN and D'ANNUNZIO.
Mark H. Friedman, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender of New Jersey, attorney).
*273 Mildred Vallerini Spiller, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KING, P.J.A.D.
Defendant claims that she received an excessive sentence for a violation of probation. Her original sentence was a five-year probation term. The judge imposed a five-year prison term with a two-and-one-half year parole disqualifier for violation of her probation. We conclude that the imposition of the parole disqualifier was unjustified and vacate it. On the day after argument we issued such an order because we were told that defendant was eligible for parole at that time.
This is the factual background. On September 7, 1984 Daniel Blackwell broke into a drive-in booth at the Heritage Bank in Camden. The defendant, Lena Wilson, a former bank employee, helped him steal $17,874.16 from the booth. She was indicted for burglary, N.J.S.A. 2C:18-2, and theft, N.J.S.A. 2C:20-3. On June 26, 1985 she pled guilty and on September 6, 1985 received a five-year probationary term, purportedly to be served concurrently with a probationary term which she was serving for an earlier bad check offense. Restitution to the bank was ordered.
There is some confusion in the record about the defendant's two sentences. The presentence report seems to confirm defendant's version. She had been arrested on April 19, 1984 on the bad check charge. For that, she was sentenced on May 31, 1985 to a three-year probation term. The crime of stealing from the drive-in cage of Heritage Bank, the subject of this appeal, was committed on September 7, 1984, before defendant was sentenced on the bad check charge. Thus the State and the judge were incorrect when they concluded that defendant had committed the bank theft while on probation for a previous *274 crime. Rather, she was awaiting disposition of that charge at that time.
When he sentenced defendant on the bank-theft charge, the judge told her "quite frankly you should be going to jail." He also told her "I want to remind you at this time, if you violate the terms or conditions of your probation, you may at that time be brought back and sent to the New Jersey State Prison for five years, fined $7,500 or both, and I could order that you spend one-half of the five years before you would be eligible for parole."
On December 12, 1986 defendant appeared before the judge on the violation of probation charge. Specifically she was charged with: (1) failure to report since December 16, 1985, (2) a urine sample positive for cocaine, and (3) failure to keep three drug evaluation appointments at Turning Point in October 1986. She pled guilty to the violation charge and the judge revoked her probation and, as noted, sentenced her to a five-year term with the two-and-one-half-year parole disqualifier. He said that she "was in fact, on probation, September Twenty-Fourth, Eighty-Four, [on the bad check charge, he thought] when she committed the present offense and it was obvious to me that probation would have no punitive effect, it would have no rehabilitative effect, and I was not wrong."
In balancing the aggravating and mitigating factors, the judge also said "there are no mitigating circumstances applying to this defendant. In fact, there is not a redeeming quality that the court can find as it relates to this defendant, other that she is, in fact, a human being. The fact that she is a mother is a disgrace in the opinion of this court."
We removed the case from our summary sentencing appeal calendar and ordered briefing and argument on these issues:
The scope of sentencing for a violation of probation; the use of a parole disqualifier in sentencing for violation or probation; and whether and the extent to which the fact that defendant has violated probation may be considered in enhancing the original sentencing exposure.
*275 When the judge was weighing the aggravating and mitigating factors before sentencing defendant for violating probation, he found that she had been on probation for the $400 bad check charge when she committed the bank theft. In fact this is the correct sequence.
1. Arrest on April 19, 1984 for issuing a bad check for $400.
2. Arrest on September 24, 1984 for theft from the Heritage Bank.
3. Indicted on December 11, 1984 for the bank theft.
4. Sentenced to probation by another judge on the bad check charge on May 31, 1985.
5. Sentenced to probation for the bank theft on September 6, 1985.
6. Failed to appear for violation of probation on the bank-theft charge on November 21, 1985.
7. Failed to appear before another judge for violation of probationary sentence on the bad-check charge on December 20, 1985. She later received an additional year probation as punishment for violation of the probation imposed for the bad check charge. This probation was administratively terminated on February 13, 1987 after she was sent to prison for this violation of probation.
We have no quarrel with the imposition of a four-year presumptive prison term for violation of defendant's probation. We do think that the two and one-half year parole disqualifier[1] is unjustified in the circumstance. When a defendant violates probation several options are open to the sentencing judge. State v. Ryan, 86 N.J. 1, 7 (1981). The judge may continue the probation, require service of any suspended term, or "impose any sentence that could have been meted out originally on conviction for the underlying sentence." Ibid. The sentence imposed after revocation "should be viewed as focusing on the original offense rather than on the violation of probation as a separate offense." Id. at 8. N.J.S.A. 2C:45-3(b). The violation proceedings are "anchored" to the original offense. Ibid.
The sentencing judge appears to have considered the violation of probation as a per se aggravating factor substantial enough alone to justify imposition of the two and one-half year *276 parole disqualifier. See N.J.S.A. 2C:44-1a. These aggravating factors focus overwhelmingly on the nature and gravity of the offense committed. Those which do not, N.J.S.A. 2C:44-1a(3), (5) and (6), seem to focus on whether defendant's commission of the offense is part of a larger pattern of criminality.
Violation of probation means a failure of non-custodial rehabilitation. It does not necessarily suggest aggravating circumstances regarding the original offense mandating an enhanced punishment scheme. Failure to report while on probation and illegal drug use are not truly "aggravating factors" under N.J.S.A. 2C:44-1. They are circumstances to support the adjudication of a violation.
We can not square the imposition of a parole ineligibility term for violation of probation in this case with the standard in State v. Kruse, 105 N.J. 354, 361-362 (1987). Only "in certain limited situations" may a court "impose a period of parole ineligibility in conjunction with a presumptive sentence." Id. at 361. This, in our view, is not the "rare case" for such an exception, id. at 362.
The parole ineligibility term is vacated and the maximum term is modified to four years. The sentence is otherwise affirmed.
NOTES
[1] The practical difference in the sentences is substantial. As a "first-offender" for sentencing purposes defendant is eligible for parole after about 12 months if no parole disqualifier is imposed. See N.J.S.A. 30:4-123.51.