226 N.J. Super. 276 (1988)
543 A.2d 1060
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM H. SMITH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1988.
Decided July 8, 1988.
*277 Before Judges KING, GAULKIN and D'ANNUNZIO.
Judith B. Fallon, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender of New Jersey, attorney).
*278 Mildred Vallerini Spiller, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KING, P.J.A.D.
Defendant claims that he received an excessive sentence for violation of probation. The original sentence was for a one-year probation term conditioned upon serving 150 hours of community service and reporting for urine monitoring. The judge imposed a five-year prison term with a two-year period of parole ineligibility for his violation of probation. We conclude that the imposition of the parole disqualifier was unjustified and vacate it. On the day after argument we issued such an order because we were told that defendant was eligible for parole at that time.
This is the factual background. Defendant Smith was indicted in January 1983 for possession of a controlled dangerous substance, eight diazepan (valium) pills, N.J.S.A. 24:21-20(a), in 1982. On April 28, 1985 he was sentenced to the noted one-year term of probation, community service and urine monitoring by Judge Talbott.
Defendant failed to perform the conditions of probation and was cited for his violations. On January 30, 1986 a judge, other than the original sentencing judge, found him guilty of these violations and sentenced him to an increased probation term of five years on condition that he serve 364 days in the County Jail. This sentence was imposed under a plea agreement. The original conditions of community service and urine monitoring continued. At sentencing the judge relied solely on the plea agreement, remarking that he would not have been so lenient. Defendant completed his jail sentence, was paroled, and was readmitted to probation after release.
On November 17, 1986 defendant was again charged with violation of his newly enhanced five-year probation term. Specifically, *279 he again (1) failed to report, (2) showed use of illegal drugs by a dirty urine sample, and (3) failed to perform community service. He was found guilty of these violations by the judge who had imposed the County Jail term as a condition of his now-enhanced five-year probation term. The judge then sentenced defendant to the sentence on appeal.
At the time of this sentence defendant was age 27. The original 1982 arrest for possession of the eight valium pills was his first adult offense. He had no juvenile record. He had no new arrests while on probation. The judge noted that there was evidence from the urine tests that Smith was using cocaine and stated that: "... in the opinion of the court, the use of cocaine is a criminal act...." After a discussion of Smith's probation history the judge said
So, it would seem now that we have him once again. We're going to have to deal with him a little more severely, because, obviously, this court failed in its responsibility to try to convince this gentleman sufficiently of the seriousness of his dereliction and of the need for him to comport to the responsibilities imposed upon a citizen of this great state of ours.
Now, we must consider, therefore, the nature and degree of the crime. And in that regard, recognize, of course, that under State versus Sobel, ordinarily there would be a presumption of nonincarceration, but that's been tried and that failed. There is a need for punishment and deterrence, obviously, there is a substantial need to punish the defendant for his criminal activity, because the efforts at punishment in the past have failed. There's a need to, hopefully, deter him from future criminal activity and, yes to deter others.
With respect to the prospects for rehabilitation, the Gentleman has demonstrated by his conduct that there is absolutely no hope at rehabilitation. But then perhaps hope springs eternal, because perhaps with a sufficient sentence we might yet convince him of the error of his way.
The judge found no existing mitigating factors but did recognize the fact that "in a technical sense the defendant has no prior indictable convictions." He stated: "I recognize that and will take that into consideration when imposing sentence and it will be obvious he will not be reaching the maximum and it's for that reason." He found that the aggravating factors substantially outweighed the mitigating factors and sentenced Smith to the five years in State prison with the two-year parole disqualifier.
*280 We have no quarrel with the imposition of the presumptive prison term for violation of defendant's probation the second time. We do think that the two-year parole disqualifier[1] is unjustified in this circumstance. When a defendant violates probation several options are open to the sentencing judge. State v. Ryan, 86 N.J. 1, 7 (1981). The judge may continue the probation, require service of any suspended term, or "impose any sentence that could have been meted out originally on conviction for the underlying sentence." Ibid. The sentence imposed after revocation "should be viewed as focusing on the original offense rather than on the violation of probation as a separate offense." Id. at 8. N.J.S.A. 2C:45-3(b). The violation proceedings are "anchored" to the original offense. Ibid.
The sentencing judge appears to have considered the violation of probation as a per se aggravating factor substantial enough alone to justify imposition of the two-year parole disqualifier. See N.J.S.A. 2C:44-1a. These aggravating factors focus overwhelmingly on the nature and gravity of the offense committed. Those which do not, N.J.S.A. 2C:44-1a(3), (5) and (6), seem to focus on whether defendant's commission of the offense is part of a larger pattern of criminality.
Violation of probation means a failure of non-custodial rehabilitation. It does not necessarily suggest aggravating circumstances regarding the original offense mandating an enhanced punishment scheme. Failure to report while on probation, illegal drug use, and failure to perform community service, are not truly "aggravating factors" under N.J.S.A. 2C:44-1. They are circumstances to support the adjudication of a violation.
We can not square the imposition of a parole ineligibility term for violation of probation in this case with the standard in State *281 v. Kruse, 105 N.J. 354, 361-362 (1987). Only "in certain limited situations" may a court "impose a period of parole ineligibility in conjunction with a presumptive sentence." Id. at 361. This, in our view, is not the "rare case" for such an exception, id. at 362.
The parole ineligibility term is vacated and the maximum term is modified to four years. The sentence is otherwise affirmed.
NOTES
[1] The practical difference in the sentences is substantial. As a "first-offender" for sentencing purposes defendant is eligible for parole after about 12 months if no parole disqualifier is imposed. See N.J.S.A. 30:4-123.51.