629 A.2d 1355

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. BRETT KELLY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 6, 1993—Decided July 29, 1993.

Before Judges BRODY and DREIER.

*Lewis Stein* argued the cause for appellant (*Nusbaum, Stein, Goldstein & Bronstein,* attorneys; *Mr. Stein,* on the brief).

*Joseph Connor, Jr.,* Assistant Prosecutor, argued the cause for respondent (*W. Michael Murphy, Jr.,* Morris County Prosecutor, attorney; *Mr. Connor,* on the letter brief).

The opinion of the court was delivered by

BRODY, J.A.D.

Pursuant to a plea agreement, the judge imposed a ten-year prison term for first-degree armed robbery, a violation of *N.J.S.A.*

2C:15–1. The agreement required the judge to impose a prison term appropriate to a second-degree crime. The main issue is whether the sentence may stand in view of the judge's inconsistent findings after weighing the aggravating and mitigating sentencing factors. The judge implicitly found that he was clearly convinced that the mitigating factors substantially outweighed the aggravating factors to justify imposing a sentence appropriate to a second-degree crime, *N.J.S.A.* 2C:44–1f(2), and at the same time found that the aggravating factors outweighed the mitigating factors to justify imposing a sentence at the top of the second-degree crime sentencing range, *N.J.S.A.* 2C:44–1f(1)(b).

Evidence of the crime and of defendant's background are found in the factual statement he gave at the *retraxit* hearing and in the Adult Presentence Report (PSR). On a cold winter night, at about 10:30 p.m., defendant and co-defendant Roberto Rodriguez approached the home of Vincent and Virginia Barila intent on stealing cash that the Barilas had recently won at an Atlantic City casino. The men had been tipped off about the money by other co-defendants. However, defendant made his own preparations for committing the crime. He and Rodriguez were wearing ski masks so as not to be identified, and each was armed with a metal baseball bat that defendant had gotten from his home. The plan was that Rodriguez would ring the front door bell and hold the occupants' attention while defendant entered the home from the rear.

Rodriguez rang the front door bell, awakening the Barilas. Vincent came to the door. While Rodriguez, pretending to be lost, asked for street directions, defendant severed the Barilas' outside telephone line and entered their home through a glass sliding door at the rear. He gained entry by shattering the door with his bat thereby terrorizing the Barilas. Rodriguez then left. While holding her 14–month old child in her arms, Virginia exchanged glances with defendant before she ran to a bedroom. After entering the home, defendant ordered Vincent to lie on the floor and threatened to beat him with the bat if he did not surrender

the money. Vincent gave up the money, $20,000. Defendant took the cash and left after he threatened to kill Vincent if he reported the crime to the police. Defendant's girlfriend gave the police a statement in which she claimed that defendant and Rodriguez each kept $9,500 of the loot, giving the remaining $1,000 to their friends who had fingered the job.

The robbery severely traumatized Virginia, requiring her to seek psychiatric help. Her fears forced the Barilas to sell their home.

At the time of the crime defendant was 22 years old. He had a minor juvenile record, but no criminal record. However, for years he had problems with alcohol. He claims to have been under the influence of alcohol when he committed the robbery. He has had two convictions of driving while intoxicated. Defendant is a high school graduate. He has worked intermittently as a construction laborer. He claimed, at the time the PSR was prepared, that he was self-employed in that trade.

In finding that the aggravating sentencing factors preponderated, the judge emphasized the gravity and seriousness of the harm inflicted on the Barilas. *N.J.S.A.* 2C:44–1a(2). He noted that defendant was prepared to and did encounter the Barilas in their home at night with a baseball bat, adding a degree of terror and violation that exceeds the harm ordinarily associated with a robbery. He also relied on the need to deter defendant and others from violating the law. *N.J.S.A.* 2C:44–1a(9). The judge gave less weight to the two mitigating factors that he identified: that defendant will compensate the victim (an unlikely prospect because defendant claims that his girlfriend ran away with his share of the loot), *N.J.S.A.* 2C:44–1b(6), and that although he has a juvenile record he has no criminal record, *see N.J.S.A.* 2C:44–1b(7).

Defendant argues that the judge erroneously took into account the fact that he was armed with a bat despite the plea agreement that required the judge to sentence him "to a term

appropriate to a crime of one degree lower than that of the crime for which he was convicted." *N.J.S.A.* 2C:44–1f(2). Although defendant was armed with a deadly weapon, neither the elements of the crime nor the agreement required the judge to ignore the fact that he terrorized two people with the bat after breaking into their home at night.

■ We reject defendant's argument that the judge should have considered two additional mitigating sentencing factors. He contends that his conduct was the result of circumstances unlikely to recur, *N.J.S.A.* 2C:44–1b(8), because the robbery was the result of a unique combination of circumstances: it was "instigated" by his friends, he was under the influence of alcohol, and he needed money to pay past-due rent. Although others may have given defendant the idea to commit the robbery, the evidence is that defendant planned it and executed it with careful deliberation. Defendant appears to suffer from alcoholism. There is therefore nothing unique about his being under the influence of alcohol while owing rent.

■ Defendant argues that the trial judge should have considered that he is particularly likely to respond affirmatively to probationary treatment, *N.J.S.A.* 2C:44–1b(10). The factor is irrelevant here where a prison term is mandated by statute. The Intensive Supervision Program (ISP) is not available because defendant was convicted of a first-degree crime.[1]

■ The trial judge did not arrive at the sentence pursuant to the literal guidelines of the Criminal Code because he reached inconsistent conclusions on the two occasions that he had to weigh aggravating and mitigating sentencing factors. Although he did not make express findings when he struck the first balance, by agreeing to impose a prison sentence appropriate to a second-

---

[1] After defendant was sentenced, the Supreme Court held that ISP is not available to those convicted of first and second-degree crimes. *State v. Cannon,* 128 *N.J.* 546, 608 *A.2d* 341 (1992). The Legislature recently made the program available to people convicted of second-degree crimes. *L.*1993, *c.* 123, § 2a.

degree crime for this first-degree-crime conviction, the judge had to be "clearly convinced that the mitigating factors substantially outweigh the aggravating factors." *N.J.S.A.* 2C:44–1f(2). However, in order to impose a prison term that exceeded the statutory presumptive seven-year term for a second-degree crime, the judge had to find, as he did, that "the preponderance of aggravating . . . factors . . . weighs in favor of a higher . . . term. . . ." *N.J.S.A.* 2C:44–1f(1)(b). The elements of the crime and the relevant sentencing factors do not change when the prison term imposed is appropriate to a lesser-degree crime. The judge, therefore, could not consistently conclude that clearly the mitigating factors substantially outweigh the aggravating factors to justify imposing a prison term in the lower range and simultaneously conclude that the aggravating factors outweigh the mitigating factors to justify imposing a prison term at the top of that range.

We had to review a similar sentence in *State v. Nemeth*, 214 *N.J.Super.* 324, 519 *A.*2d 367 (App.Div.1986). There the defendant was convicted by his plea of a second-degree crime with the understanding that he would be given a sentence appropriate to a third-degree crime. The trial judge imposed a five-year prison term, a minimum of two-and-one-half years to be served before parole eligibility. After implicitly finding that clearly the mitigating factors substantially outweighed the aggravating factors to justify the lower range, the judge expressly found that the aggravating factors not only outweighed the mitigating factors to justify a prison term at the top of the third-degree range but that clearly the aggravating factors substantially outweighed the mitigating factors to justify imposing a minimum term. *N.J.S.A.* 2C:43–6b. In *Nemeth* we addressed only the gross inconsistency between the results of weighing sentencing factors to downgrade the sentencing range and weighing sentencing factors to impose a minimum sentence. We vacated the sentence because of the inconsistency.

Since *Nemeth*, the Supreme Court has provided some guidance where the inconsistency results in imposition of a minimum prison term (where the judge must be clearly convinced that the aggrava-

ting factors substantially outweigh the mitigating factors), and a presumptive base term (where the judge must be convinced that neither the aggravating nor mitigating factors preponderate). *State v. Kruse*, 105 *N.J.* 354, 521 *A.*2d 836 (1987). The Court held that the inconsistency is acceptable only rarely such as when the sentence is pursuant to "a plea agreement limiting the maximum sentence to the presumptive term." *Id.* at 361–62, 521 *A.*2d 836. The Court made it clear that to sustain such a sentence on appeal the sentencing judge must have stated reasons for imposing a higher sentence than consistency would require:

> Hence, we expect it will be a rare case in which the sentencing court imposes a period of parole ineligibility on top of a presumptive sentence. In such a case, as in all cases where it finds parole ineligibility appropriate, the court should state the reasons for the sentence, indicating why it is clearly convinced that the aggravating factors substantially outweigh the mitigating factors. [*Id.* at 362, 521 *A.*2d 836]

Here the agreement expressly permitted imposition of a ten-year prison term, the top of the second-degree range. Although application of the inconsistent weighings in *Kruse* is not identical to the application here, the degree or spread of the inconsistency here is close to the spread in *Kruse*. There the judge was convinced that the aggravating factors did not outweigh the mitigating factors thus justifying imposition of the presumptive sentence and yet was clearly convinced that the aggravating factors substantially outweighed the mitigating factors thus justifying imposition of a minimum sentence.

*Kruse* suggests to us that despite having necessarily reached inconsistent predicate results when weighing aggravating and mitigating factors, a judge may impose a maximum base sentence when imposing a sentence appropriate to a crime one degree lower than the crime of which a defendant is convicted. Such a sentence will be sustained on appeal if it is part of a plea agreement and, as here, the judge has articulated sound reasons for imposing a higher sentence than the presumptive prison term.

We are fortified in reaching this conclusion by the added consideration that if choosing an appropriate prison term is controlled by the result of weighing the sentencing factors that

justified sentencing in the lower range (the judge is clearly convinced that the mitigating factors substantially outweigh the aggravating factors), the term imposed would always be at or near the bottom of the sentencing range. Such a result would surely be contrary to the Legislature's intent.

We are satisfied from a careful review of this record that the other issues raised are clearly without merit and require no further discussion. *R.* 2:11–3(e)(2).

Affirmed.