706 A.2d 799

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. ROBERT BESSIX, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 21, 1998—Decided March 9, 1998.

Before Judges LONG, KLEINER and KIMMELMAN.

*Stephen A. Caruso,* Assistant Deputy Public Defender, argued the cause for appellant (*Ivelisse Torres,* Public Defender, attorney; *Mr. Caruso,* of counsel and on the brief).

*David D. Weber,* Assistant Prosecutor, argued the cause for respondent (*Arthur J. Marchand,* Cumberland County Prosecutor, attorney; *Mr. Weber,* on the brief).

The opinion of the court was delivered by

KIMMELMAN, J.A.D.

After being referred to the Law Division by the Family Part for trial as an adult, pursuant to *N.J.S.A.* 2A:4A–26a(2)(a) and *R.* 5:22–2(b), for the commission of a vicious crime two weeks after his fourteenth birthday, defendant Robert Bessix entered into a plea agreement under which he pled guilty to the first-degree

offense of armed robbery. He was subsequently sentenced to a prison term of twenty years with a ten-year period of parole ineligibility. Defendant appeals, contending that he should have been continued as a juvenile and not waived up for trial as an adult and that his sentence was excessive. We affirm the waiver of jurisdiction by the Family Part over defendant. However, for the reasons that follow, we vacate defendant's sentence and remand to the trial court.

Defendant, in the company of four other youths, set upon an elderly man for the purpose of robbing him. Defendant was handed a baseball bat and he used it to strike the victim twice in the head. While the victim was down on the ground and evidently unconscious, at least two of the other youths rifled $9 or $10 from his pockets. They divided up the money and fled. We note that Kamera Bai Robbins, who handed the bat to defendant, was an adult at the time of the offense.

■ After an extensive waiver hearing, the Family Part judge prepared a thorough letter opinion dated December 12, 1995, in which he concluded:

> Based on the information before the Court, if all of the components of the individual rehabilitation plan could be put into place and work to their maximum potential, there is a chance that Robert Bessix could be rehabilitated before the age of nineteen. That probability is not high.
>
> The Court must weigh that probability against the reasons for waiver. Robert was the primary actor in the vicious, brutal attack with a weapon on an elderly unarmed gentlemen. The police officer at the probable cause stage indicated that he saw the victim a few hours later and that he had a severely bruised and bloodied face, that his eyes were swollen shut, he was unable to talk and his face was "severely mangled". [sic] Robert hit the victim twice, the second time being after he was knocked to the ground and then tripped and previously assaulted by Shydee Spencer.
>
> The community is entitled to be protected from individuals who stalk victims in a predatory fashion and then assault them in the manner which Mr. Bessix did. I find that the reasons for waiver substantially outweigh any probability of rehabilitation, and grant the Prosecutor's motion to transfer Mr. Bessix to the Law Division, Criminal Part.

■ In affirming the decision of the Family Part judge, we recognize that waiver of a juvenile offender for trial as an adult in

the Law Division is highly discretionary. *State v. Onque,* 290 *N.J.Super.* 578, 584, 676 *A.*2d 560 (App.Div.), *certif. denied,* 146 *N.J.* 497, 683 *A.*2d 200 (1996). Based upon our review of the record, it does not appear that the exercise of the judge's discretion was flawed. *See State v. Matarama,* 306 *N.J.Super.* 6, 16, 703 *A.*2d 278 (App.Div.1997). The judge's findings of fact and conclusions of law find ample support in the record and will be given appropriate deference. *State v. Johnson,* 42 *N.J.* 146, 162, 199 *A.*2d 809 (1964); *Matarama, supra,* 306 *N.J.Super.* at 16, 703 *A.*2d 278.

Pursuant to a plea agreement, defendant entered a guilty plea to the first count of an indictment which charged him with robbery while armed with a deadly weapon, a first-degree offense, contrary to *N.J.S.A.* 2C:15–1. The recommended sentence was a limit or cap of twenty years in New Jersey State prison with a ten-year period of parole ineligibility.

At sentencing, the trial court recounted the factual circumstances of the crime and discussed the character of defendant. Aggravating factors 1, 2, 9, and 12 were found to exist. *N.J.S.A.* 2C:44–1. The court made reference to the suggested mitigating factors, but gave them minimal weight under the circumstances. The court concluded that it had "no alternative but to find that the aggravating circumstances certainly preponderate over the mitigating circumstances." The sentence was expressed as follows: "[T]he sentence of the court is 20 years in New Jersey State Prison. There is a parole ineligibility period of 10 years." For the reasons hereinafter stated, we find that the trial court did not sufficiently articulate on the record its reasons for imposing a period of parole ineligibility in this case.

The mechanics which must be followed by a sentencing court in imposing a period of parole ineligibility are set forth in *State v. Kruse,* 105 *N.J.* 354, 521 *A.*2d 836 (1987). In *Kruse,* the Court held that " '[p]eriods of parole ineligibility are the exception and not the rule. They are not to be treated as routine or

commonplace.' " *Id.* at 359, 521 *A.*2d 836 (citation omitted). Further, the Court held that,

> [A]fter determining the sentence and deciding on the appropriateness of parole ineligibility, the court "shall state on the record the reasons for imposing the sentence, including ... consideration of the defendant's eligibility for release under the law governing parole [and shall state] the factual basis supporting its findings of particular aggravating or mitigating factors affecting˙ sentence." *N.J.S.A.* 2C:43–2e[.]
>
> [*Ibid.*]

A three-step process must be followed in order to provide an intelligible record for review. The sentencing court must (1) "identify the aggravating and mitigating factors," (2) "describe the balance of those factors," and (3) "explain how it determined defendant's sentence." *Id.* at 360, 521 *A.*2d 836. *See also State v. Watson*, 224 *N.J.Super.* 354, 363, 540 *A.*2d 875 (App.Div.) (remanding for resentencing where the *Kruse* analysis was not placed on the record), *certif. denied*, 111 *N.J.* 620, 546 *A.*2d 537, *cert. denied*, 488 *U.S.* 983, 109 *S.Ct.* 535, 102 *L. Ed.*2d 566 (1988). Finally, the *Kruse* Court made it clear that whether the term of parole ineligibility is affixed to the maximum term or to the presumptive term, "in all cases where [the court] finds parole ineligibility appropriate, the court should state the reasons for the sentence[.]" *Kruse, supra*, 105 *N.J.* at 362, 521 *A.*2d 836.

■ While we find no fault with the imposition of the maximum term in this case, the imposition of the period of parole ineligibility fails for the absence of the explanatory record required by *Kruse*. Consequently, we are disposed to remand for reconsideration of that part of the sentence.

We note that the sentences imposed upon defendant's compatriots in the attack differed considerably from that imposed upon defendant. Dennis William Stevenson, not a juvenile, pled guilty to first-degree robbery and was sentenced to a prison term of sixteen years without a parole disqualifier. The original bat wielder, Kamara Bai Robbins, not a juvenile, pled guilty to first-degree robbery and was sentenced to a prison term of sixteen years without a parole disqualifier. Laquint German Allen, a

juvenile referred to the Law Division for trial as an adult, pled guilty to third-degree aggravated assault and was sentenced to an indeterminate term at the State Youth Correctional Facility. Only defendant received a period of parole ineligibility. We hasten to acknowledge that the punishment meted out to defendant's compatriots was not before the court at the time defendant was sentenced. However, the sentences of the others do appear in the record before this court and we have had the opportunity to compare them all.

A stated purpose for the enactment of the New Jersey Criminal Code is "[t]o safeguard offenders against ... disproportionate or arbitrary punishment[.]" *N.J.S.A.* 2C:1–2b(4). The sentence of defendant, in comparison with that imposed upon Robbins, appears to us to be disproportionate to a significant degree. Robbins was an adult at the time of the attack. While Robbins did not actually strike the victim, he nevertheless handed a baseball bat to the young boy with him (defendant) with the expectation that defendant would do so. Robbins did not receive a period of parole ineligibility. That being the case, we are of the view that the sentencing judge should reconsider the necessity for the imposition of a period of parole ineligibility, in accordance with the stated legislative purpose of *N.J.S.A.* 2C:1–2b(4).

Accordingly, we reverse the portion of defendant's sentence imposing the ten-year period of parole ineligibility. The matter is remanded to the trial court for the resentencing of defendant in accordance with this opinion.