# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4658-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

S.P.B.,[1]

     Defendant-Appellant.

_____

Argued May 13, 2020 – Decided June 1, 2020

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 18-06-0726.

Kevin A. Buchan argued the cause for appellant (Buchan & Palo LLC, and Law Office of Tara Breslow, attorneys; Kevin A. Buchan, Stephanie Palo, and Tara Breslow, of counsel and on the briefs).

Maura K. Tully, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth

---

[1] We use defendant's initials as the record in the matter is sealed in accordance with R. 1:38-11.

County Prosecutor, attorney; Maura K. Tully, of counsel and on the brief).

PER CURIAM

Defendant appeals from a May 31, 2019 judgment of conviction, focusing his arguments on the imposition of a two-and-one-half year period of parole ineligibility. We affirm.

Defendant was indicted on charges of third-degree endangering the welfare of a child by possession of child pornography, N.J.S.A. 2C:24-4(b)(5)(b)(iii) (Count One); and second-degree endangering the welfare of a child by distribution of child pornography, N.J.S.A. 2C:24-4(b)(5)(a)(iii) (Count Two). Defendant entered into a negotiated plea on February 15, 2019, agreeing to plead guilty to Count Two of the indictment as amended to less than twenty-five images of child pornography for sentencing purposes. By amending Count Two, defendant was not subject to a mandatory period of parole ineligibility under N.J.S.A. 2C:24-4(b)(5)(a). The State agreed to recommend a five-year sentence with a two-and-one-half year period of parole ineligibility. Defendant agreed, subject to arguing for a lower sentence.

Prior to sentencing, the judge considered the written reports from defendant's computer expert as well as the State's computer expert regarding the images found on defendant's computer. He then sentenced defendant to a five-

year term of imprisonment with a two-and-one-half-year period of parole ineligibility. The judge found aggravating factors one and nine applied, N.J.S.A. 2C:44-1(a)(1) and (9), and mitigating factors seven, eight, and nine, N.J.S.A. 2C:44-1(b)(7), (8), and (9) applied. In performing a qualitative analysis of the aggravating and mitigating factors, the judge explained why the aggravating factors substantially outweighed the mitigating factors in this case and why he gave greater weight to aggravating factor one.

On appeal, defendant raises the following arguments:

POINT I.

THE TRIAL COURT ERRONEOUSLY DETERMINED THAT AGGRAVATING FACTORS [ONE] AND [NINE] SUBSTANTIALLY OUTWEIGHED MITIGATING FACTORS [SEVEN], [EIGHT], AND [NINE].

A. The trial court did not give sufficient justification for its determination that aggravating factors [one] and [nine] outweighed mitigating factors [seven], [eight] and [nine].

B. In its determination of sentence, the trial court gave excessive weight to aggravating factor [one].

POINT II.

THE TRIAL COURT ERRED IN ITS APPLICATION OF MITIGATING FACTOR [SIX].

3

A-4658-18T4

A sentence should only be disturbed when the trial court failed to follow sentencing guidelines, when the aggravating and mitigating factors are not supported by the evidence, or when the facts and law show "such a clear error of judgment that it shocks the judicial conscience." State v. Roth, 95 N.J. 334, 364 (1984). Accord State v. Case, 220 N.J. 49, 65 (2014). In weighing the aggravating and mitigating factors, the court must conduct a qualitative, not quantitative, analysis and provide a "clear explanation" of how it weighed the factors and applied them to the sentencing range. State v. Fuentes, 217 N.J. 57, 72-73 (2014). "[I]f the trial court fails to identify relevant aggravating and mitigating factors, or merely enumerates them, or forgoes a qualitative analysis, or provides little 'insight into the sentencing decision,' then the deferential standard will not apply." Case, 220 N.J. at 65 (quoting State v. Kruse, 105 N.J. 354, 363 (1987)).

After reviewing the sentencing transcript in light of the applicable standard of review, we affirm for the reasons set forth on the record by Judge Joseph W. Oxley on May 31, 2019. Judge Oxley provided a thorough and clear qualitative analysis of the aggravating and mitigating factors and his findings are supported by credible evidence in the record. Defendant's arguments are

4

without merit and warrant no further discussion beyond the following brief comments. See R. 2:11-3(e)(2).

In addressing sentencing in a child pornography case, our Supreme Court recently held:

> New Jersey courts have held that,"[l]ike any other fact, age is, of course, for the determination of the [factfinder]," and "whether the age of a model in a child pornography prosecution can be determined by a [factfinder] without the assistance of expert testimony . . . must be determined on a case by case basis."
>
> The immaturity and extreme youth of the victims in this case allowed the trial judge to determine that "infants" and "very young children" were caused to engage in sexual activities, one of whom had a pacifier in her mouth. The judge further acknowledged that the victims in defendant's child pornography "were all quite young, quite, quite young," and that the "little girls and boys" depicted were "treat[ed] as if they were not people, as if they were mere objects."
>
> [State v. Miller, 237 N.J. 15, 31-32 (2019) (alterations in the original) (internal citations omitted).]

Here, Judge Oxley found:

> And it was highlighted by the prosecutor, 10- to 12-year-old girl "V" being raped, an 18-month-old girl "babyshivid" being raped and tortured. Those are the types of images that I do believe goes to the extreme ends of the range with regards to this, and I do find aggravating factor number one based on the factors of this case.

We are satisfied that Judge Oxley appropriately found aggravating factor one because the graphic images found on defendant's computer, showing an infant and a young child being sexually violated, were especially cruel, heinous, and depraved.

Defendant next argues the judge erred in failing to apply mitigating factor six, N.J.S.A. 2C:44-1(b)(6). We disagree. This factor states defendant "will participate in a program of community service." Judge Oxley found mitigation factor six inapplicable as defendant voluntarily participated in community service throughout his life. Therefore, the judge concluded defendant performed and would continue to perform community service without being ordered to do so by the court.

Having reviewed the record, we are satisfied that the judge's findings as to the aggravating and mitigating factors were amply supported by the record, as was his conclusion that the aggravating factors substantially outweighed the mitigating factors. We discern no basis to disturb the sentence imposed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4658-18T4