**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0022-21

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

ALTARIQ F. MONTGOMERY, a/k/a
ALTARIQ F. MONTOGOMERY

    Defendant-Respondent.

_____

Submitted May 17, 2022 – Decided July 18, 2022

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 20-01-0114.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for appellant (Samuel Marzarella, Chief Appellate Attorney, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Stephen P. Hunter, Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals from four August 19, 2021 orders of the Law Division continuing defendant Altariq F. Montgomery on recovery court special probation after he pled guilty to a second violation of that probation. We vacate the orders and remand for further proceedings.

I.

In January 2016, defendant was sentenced to two years of regular probation for third-degree distribution of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-5(a)(1), and third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1).

In November 2016, defendant was charged with third-degree distribution of a CDS, N.J.S.A. 2C:35-5(a)(1), and third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1). He was also charged with a violation of probation on the previous sentence for, among other things, distribution of a CDS. On these charges, the trial court sentenced defendant to recovery court special probation for a term of five years.

Defendant subsequently received a new charge of third-degree possession of a CDS, N.J.S.A. 2C:35-10(a)(1). In December 2016, he was sentenced on that charge to recovery court special probation for a term of five years to run

2

concurrent with his previously imposed five-year term of recovery court special probation.

In March 2019, defendant violated recovery court special probation based on, among other things, distribution of a CDS. The court continued him on recovery court special probation.

On January 15, 2020, a grand jury indicted defendant, charging him with third-degree possession of a CDS (heroin), N.J.S.A. 2C:35-10(a)(1); third-degree possession of a CDS with intent to distribute (heroin), N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3); third-degree distribution of a CDS (heroin), N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3); third-degree possession of a CDS (cocaine), N.J.S.A. 2C:35-10(a)(1); third-degree possession of a CDS with intent to distribute (cocaine), N.J.S.A. 2C:35-5(a)(1); and third-degree distribution of a CDS (cocaine), N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3).

These charges arose after an investigation into the overdose deaths of two people in Ocean County in July 2019. The investigation revealed that the victims purchased the heroin on which they overdosed from C.W., a cooperating witness. C.W. informed investigators that he or she purchased the heroin from defendant. On July 5, 2019, detectives carried out a controlled purchase of heroin and cocaine by C.W. from defendant. A search of defendant's home

uncovered $10,500 in United States currency, a black digital scale, sandwich bags, CDS paper wrapping, a safe containing CDS packaging supplies, and a notebook with information about the Piru Bloods Street Gang.

On January 17, 2021, defendant was charged with a second violation of recovery court special probation. The charge was based on: (1) urine specimens positive for synthetic cannabis; (2) a conviction for a motor vehicle offense; (3) defendant's arrest and indictment for the July 2019 controlled sale of heroin and cocaine to C.W.; (4) multiple pending charges relating to motor vehicle offenses; and (5) his failure to pay court-imposed financial obligations. Subsequent amendments to the charge included a June 2020 possession of a CDS and defendant's discharge from an outpatient treatment center for non-attendance and failure to complete a drug test.

On August 2, 2021, defendant pled guilty to all of the charges in the 2020 indictment. The guilty plea was entered without an agreement with the State with respect to sentencing. The court released defendant from pretrial detention to permit him to enter a drug-treatment facility.

On August 16, 2021, defendant pled guilty to all of the charges in the second violation of his recovery court special probation. The court sentenced defendant on both the second violation of his special probation and the

convictions of the charges in the 2020 indictment. The State argued that defendant's special probation should be terminated and that he should be sentenced to a term of incarceration on his underlying criminal convictions. The State argued that there is no likelihood defendant will successfully complete his treatment program and that due to his criminal history and the seriousness of his violations of special probation his continuation on special probation would present a danger to the community. The State noted that while on special probation defendant engaged in the sale of fentanyl-laced narcotics, resulting in the deaths of two people, absconded on two occasions, went missing for forty-five days, and committed multiple other violations of special probation. In addition, the State urged the court to consider defendant's criminal history, including juvenile adjudications for robbery and theft.

Defendant urged the court to continue his recovery court special probation. His counsel said that defendant was under the influence of Percocet when he committed his offenses and the approximately one year he spent in pretrial detention changed his outlook. Defendant claimed to be serious about rehabilitation, having entered a drug-treatment program, and as a new father devoted to his daughter.

A-0022-21

The court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (risk that defendant will commit another offense), six, N.J.S.A. 2C:44-1(a)(6) (extent of defendant's prior criminal convictions and the seriousness of those offenses), and nine, N.J.S.A. 2C:44-1(a)(9) (need to deter others). In addition, the court found mitigating factor ten, N.J.S.A. 2C:44-1(b)(1) (defendant is particularly likely to respond affirmatively to probationary treatment). The court noted that defendant had a period of compliance with treatment before he "spiraled downward" and committed his recent drug-related crimes. In addition, the court found defendant had been doing well in the time he had been in treatment since entry of his guilty plea and that the birth of his daughter during his detention gave him an incentive to succeed in drug treatment. The court concluded:

> I find that the aggravating and mitigating factors are in equipoise. I'm going to give him one more chance to comply with the new [recovery] court term. I'm going to continue him on [recovery] court. He is continued on the violation of probation with strict compliance on the new matter. He is given a new drug court term of five years special probation.

On August 19, 2021, the court issued four orders that continue defendant's recovery court special probation terms that began in 2016.

6

On August 19, 2021, the trial court denied the State's motion for a stay of the August 19, 2021 orders.[1]

This appeal follows. The State makes the following arguments.

POINT I

PURSUANT TO N.J.S.A. 2C:35-14[(f)](2), THE STATE MAY APPEAL THE JUDGE'S DECISION RESENTENCING DEFENDANT TO SPECIAL PROBATION FOLLOWING HIS SECOND OR SUBSEQUENT VIOLATION OF SPECIAL PROBATION.

POINT II

THE JUDGE COMMITTED LEGAL ERROR WHEN HE OMITTED ADDRESSING REQUIRED STATUTORY CRITERIA UNDER N.J.S.A. 2C:35-14[(f)](2) AND (3).

II.

---

[1] An August 19, 2021 judgment of conviction memorializes defendant's sentence to a five-year term of recovery court special probation for his convictions of the charges in the 2020 indictment. Although a copy of the judgment of conviction was attached to the State's case information statement, its brief is limited to challenging the orders continuing defendant's terms of recovery court special probation that started in 2016. See State v. Hyland, 238 N.J. 135, 145 (2019) (the State lacks authority to appeal a sentence of recovery court special probation unless the sentence is illegal). N.J.S.A. 2C:35-14(f)(2), however, provides that "[t]he court's determination to permit the person to continue on special probation following a second or subsequent violation pursuant to this paragraph may be appealed by the prosecution."

We review a sentencing decision for an abuse of discretion.  State v. Jones, 232 N.J. 308, 318 (2018).  We do "not second-guess the sentencing court" and defer to its factual findings.  State v. Case, 220 N.J. 49, 65 (2014).  However, our deferential standard of review will not apply if the sentencing court fails to apply relevant statutory factors, "forgoes a qualitative analysis, or provides 'little insight into the sentencing decision . . . .'"  Id. at 65 (quoting State v. Kruse, 105 N.J. 354, 363 (1987)).

The Legislature has circumscribed judicial discretion with respect to the continuation of recovery court special probation after a second or subsequent violation of that probation.  N.J.S.A. 2C:35-14(f)(2) provides that

> [u]pon a second or subsequent violation of any term or condition of the special probation authorized by this section or of any requirements of the course of treatment, the court shall, subject only to the provisions of subsection g. of this section, permanently revoke the person's special probation unless the court finds on the record that there is a substantial likelihood that the person will successfully complete the treatment program if permitted to continue on special probation, and the court is clearly convinced, considering the nature and seriousness of the violations, that no danger to the community will result from permitting the person to continue on special probation pursuant to this section.

The statute continues:

[i]n making its determination . . . whether to overcome the presumption of revocation established in paragraph (2) of this subsection, the court shall consider the nature and seriousness of the present infraction and any past infractions in relation to the person's overall progress in the course of treatment, and shall also consider the recommendations of the treatment provider.

[N.J.S.A. 2C:35-14(f)(3).]

The statute expressly creates a presumption of revocation upon a second violation of recovery court special probation. To overcome that presumption a defendant must establish a substantial likelihood that he will successfully complete substance abuse treatment and, by clear and convincing evidence, that his continuation on special probation will not create a danger to the community. When determining whether the presumption of revocation has been overcome the court must consider the nature and seriousness of the present infraction and past infractions, as well as the defendant's overall course of treatment and the recommendations of the treatment provider.

We agree with the State that the trial court did not follow the carefully defined statutory path when it sentenced defendant for his second violation of special probation. While the court mentioned N.J.S.A. 2C:35-14(f)(2), it did not make specific findings with respect to defendant's likelihood of succeeding in treatment. Nor did the court address the seriousness of defendant's present

infractions, in particular his sale of heroin and cocaine containing fentanyl, his connection, although not charged criminally, to the overdose deaths of two people, and his multiple violations of the conditions of special probation in the past. The court also failed to find by clear and convincing evidence that defendant's continuation on special probation would not pose a danger to the community, despite defendant's long history of possessing and distributing CDS. We also see no reference in the trial court's decision to a recommendation of defendant's treatment provider with respect to defendant's likelihood of successfully completing treatment.[2]

Rule 1:7-4(a) provides a court shall "find the facts and state its conclusions of law" explaining its appealable orders. "[A]n articulation of reasons is essential to the fair resolution of a case." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000). Effective appellate review of a trial court's decision requires examination of the findings of fact and conclusions of law on which the trial court relied. Raspantini v. Arocho, 364 N.J. Super. 528, 534 (App. Div. 2003).

---

[2] The court refers to the recommendations of a senior probation officer, first to terminate defendant's recovery court special probation and later to continue that probation. We do not view a probation officer to be treatment provider.

A-0022-21

In the absence of specific findings of fact and conclusions of law addressing each of the statutory elements of N.J.S.A. 2C:35-14(f)(2) and (3), we cannot determine whether the trial court erred when it continued defendant's recovery court special probation after his second violation of that probation. We, therefore, vacate the August 19, 2021 orders and remand for a new sentencing hearing in which each of the relevant statutory factors is addressed in detail. We note that defendant is to be sentenced "as he . . . stands before the court on the day of sentencing. This means evidence of post-offense conduct, rehabilitative or otherwise, must be considered" by the sentencing court. State v. Jaffe, 220 N.J. 114, 124 (2014).[3]

---

[3] We do not view N.J.S.A. 2C:35-14(g), an exception to the presumption of revocation established in N.J.S.A. 2C:35-14(f)(2), to apply here. Section (g) allows a court, in lieu of permanently revoking special probation, to impose a term of incarceration of between thirty days and six months, after which the term of special probation may be reinstated. "In determining whether to order a period of incarceration in lieu of permanent revocation . . . the court shall consider the recommendations of the treatment provider with respect to the likelihood that such confinement would serve to motivate the person to make satisfactory progress in treatment once special probation is reinstated." N.J.S.A. 2C:35-14(g). Although the sentencing court mentioned this provision, it did so only when noting that defendant had been detained for nearly a year awaiting trial on the charges in the 2020 indictment. It appears that the court referenced the statute in support of its reasoning that defendant's pretrial detention caused him to focus on his future and his role as a new father, which the court cited as support for its decision to continue defendant's special probation.

A-0022-21

The August 19, 2021 orders continuing defendant's recovery court special probation are vacated and the matter is remanded for resentencing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0022-21